### HARSCH v. KELLY et al.

No. 9472.

Court of Civil Appeals of Texas. Austin.

Nov. 8, 1944.

Rehearing Denied Nov. 29, 1944.

Moss & Moss, of LaGrange, for appellant.

C. C. Jopling, of LaGrange, for appellees.

BAUGH, Justice.

■ This is the second appeal of this case. On the former appeal (Kelley v. Harsch, 161 S.W.2d 563), we remanded the case to the trial court to construe the will of Amelia Harsch, deceased, of which appellant was the independent executor without bond and principal beneficiary. The parties had, however, submitted the estate to the probate court for distribution and partition as authorized by Art. 3442, Rev. Civ.St.1925, and, as shown by the record here, that court still has jurisdiction over the matter.

After the case was remanded to the trial court, the plaintiffs, Grace Kelly et vir., amended their pleadings and, in addition to seeking a construction of said will, prayed that title to the land in controversy, which appellant claimed was devised to him under said will, be decreed to be in Grace Kelly and Joe Gabitsch, residuary legatees; for judgment for rents on the property collected by Herman Harsch since the death of Amelia Harsch; alleged that the land in question was incapable of partition, and asked that it be ordered sold and the proceeds divided between such residuary legatees.

The only question in controversy over the construction of the will was what lands Amelia Harsch intended to be included in the devise of "my home place" to Herman Harsch. That issue alone was submitted to the jury which answered it contrary to the interpretation of the will made by Herman Harsch. The court rendered judgment construing said will in accordance with the jury's findings, vesting title to the lands involved in the residuary legatees, for the amount of the rents collected thereon by Herman Harsch after the death of Amelia Harsch; found the lands incapable of partition; appointed a receiver to sell same and directed him to pay the proceeds, less costs, into court; and ordered the judgment certified to the probate court for observance. Hence this appeal.

But two questions are presented:

1. Was the evidence sufficient to support the finding of the jury; and

2. Did the district court have jurisdiction to render any judgment other than one construing the will?

■ The first question was raised by request for a peremptory instruction to the jury at the close of the evidence, and by motion for judgment non obstante after the verdict was returned. No objection was made to the issue as submitted, no other issues were requested, and no complaint made that evidence was erroneously admitted. In passing on this issue the now well settled rule applies, that all evidence against the verdict should be disregarded and only that in support of it be considered.

We quote from findings made by us on the former appeal (Kelley v. Harsch, 161 S.W.2d 563, at page 567): "Mrs. Amelia Harsch and husband originally acquired in the town of Flatonia a rectangular tract of about 1 acre fronting north on a highway, on which was located a complete set of improvements, and which they moved into and occupied as a home continuously thereafter. Some time later they purchased a tract of about 3 acres adjoining their original home on the south on which also was situated another set of improvements. A fence was built between the two places and they were kept continuously separated. * * * The evidence showed that Amelia Harsch continuously used and occupied as her home the place originally purchased, and rented out the 3-acre tract and improvements last purchased as a separate tract."

■ Witnesses also testified that during her lifetime, and after the death of her husband, Amelia Harsch frequently referred to the original one-acre tract as her home and to the three-acre tract as her rent property; and that when visiting her tenants on such rent property she referred to the one-acre tract as her home. There was also evidence from which it could be inferred that the Harsches originally purchased the three-acre tract to protect themselves against occupancy of it by neighbors who might prove to be undesirable; and that Amelia Harsch subsequently declined to sell it for the same reason. Though it adjoined the original one-acre tract it appears to have been continuously separated from it by a dividing fence and considered and treated as a separate tract. From these facts and circumstances we think the

jury was authorized to find that Amelia Harsch herself did not consider the three-acre tract as an integral part of "my home place" within the meaning and intent of her will.

Appellant urgently insists that the testimony of the scrivener of the will as to what Amelia Harsch told him prior to preparing it was not contradicted and shows as a matter of law what her intention was. He testified that she brought him a written memorandum of what she wanted and when he suggested including the field notes of the property in the devise to Herman Harsch, she stated that it included all the property she had left (excluding other realty devised to Herman Harsch's son). Of course this testimony could not be directly contradicted because no one else was present nor heard what was said. On the other hand, if such was her intent, the will could easily have so stated and left no doubt as to what was devised. Failure to do so, and the testimony that Amelia Harsch could only read and write her own name and could not, therefore, have prepared a written memorandum, together with the language actually used in the will by the scrivener raised the issue as to the weight and credibility of this testimony, and authorized the jury to accept or reject it. It was not, therefore, conclusive.

As to the second point, it is a well settled general rule under both the constitution and the statutes that when the probate court properly acquires jurisdiction over the estate of a deceased person, such jurisdiction is exclusive. 14 Tex.Jur., § 692, p. 535, and cases cited in the footnotes. It is equally well settled that the district court has jurisdiction to partition property and adjust the equities of the parties concerned. 32 Tex.Jur. § 30, p. 178. And when an independent executor submits an estate to the jurisdiction of the probate court for purposes of distribution, then the jurisdiction of that court to partition same is concurrent with that of the district court. Art. 3442, R.C.S.1925; 14 Tex.Jur. § 692, p. 535. Where the district court's jurisdiction is invoked, as in the instant case, to construe a will and determine title under it, such court has the power to decree a partition thereof. Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980. This carries with it the power to ascertain whether the property is capable of partition in kind, and if not, to order the sale thereof. It is likewise true that, having properly acquired jurisdiction over the controversy, if the jurisdiction of the probate court is inadequate to grant the relief sought, the district court may properly grant such necessary relief. All these matters are fully considered and conclusively determined by the Supreme Court in Griggs v. Brewster, supra, to which we refer without reiteration or further discussion here. See also 13 Tex.Jur. § 29, p. 613.

Having determined that Herman Harsch had no title to nor interest in the property involved, ordered sold and the proceeds distributed to the legatees, their rights only are affected by the partition judgment, they have not appealed from it, and are not complaining of it.

As to the portion of the judgment against Herman Harsch for rents, it may be doubted if the probate court had jurisdiction to determine that controversy. In any event, the district court, under its power to grant the full relief necessary, could properly adjudicate that issue. The district court, after determining these issues, did not order any execution on its judgment, nor attempt to oust nor usurp the probate jurisdiction of the county court, but recognized the jurisdiction of that court, and ordered its judgment certified to that court for observance and guidance in making final partition of the estate, for which purpose only the jurisdiction of the probate court had been invoked by the parties. This was clearly the proper procedure. Arts. 2222, 3523, R.C.S.1925; Gregory v. Ward, 118 Tex. 526, 18 S.W.2d 1049; 14 Tex.Jur. § 369, p. 144. This would, of course, require the transmittal to the probate court for final distribution, the proceeds of the sale of such lands and the remaining assets of the estate of Amelia Harsch, if any, would be subject to the expenses of administration. The record shows that all other devises and bequests under said will had been satisfied and all debts of the estate had been paid.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.