Rita WILDER, Appellant,

v.

Christopher MOSSLER et al., Appellees.

No. 17417.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 31, 1979.

Rehearing Denied July 5, 1979.

Lackshin & Nathan, Bernus Wm. Fischman, Houston, for appellant.

John H. Holloway, Liddell, Sapp, Zivley & Brown, Willis Witt, Kenneth H. Knop, Houston, for appellees.

PEDEN, Justice.

Rita Wilder appeals from a probate court order authorizing the temporary administrator, Texas Commerce Bank, to compromise and settle certain tort cases filed by Christopher Mossler and pending in a district court against the estate of Candace Mossler, deceased. The appellant contends that the probate court was without jurisdiction to entertain an application to settle and compromise the pending litigation and that the court erred in refusing to accord her a trial by jury on the contested issues. We affirm.

The appellant does not complain by point of error of any finding of fact made by the trial court. She did not object to any of them, request additional findings, or assign points of error to them.

In 1978, Christopher Mossler and Daniel Mossler jointly filed two suits against their adoptive mother, Candace Mossler, in district court. In the first suit, they alleged that Mrs. Mossler had acted wrongfully as executrix of the estate of Jacques Mossler and as trustee of certain trusts created under his will (the executrix-trustee suit); in the second, they alleged she acted wrongfully in conducting the affairs of Nationwide Securities Company, a corporation in which she owned the controlling interest and Daniel and Christopher Mossler were minority stockholders (the Nationwide suit). Mrs. Mossler died in 1976, while these cases were still pending, and the temporary administration of her estate was opened in November, 1976. The temporary administrator was later made a defendant in these cases.

In August of 1978, the temporary administrator filed an application for authority to settle and compromise the suits pending against the estate by Daniel Mossler and Christopher Mossler. In October of that year, the temporary administrator filed an application for instructions because Rita Wilder and other heirs had entered into a proposed settlement agreement as to the claims of Daniel Mossler, including his contest of a purported codicil. Upon receiving instructions from the court, the temporary

administrator submitted an application to settle all of Daniel Mossler's claims and a separate application for authority to settle Christopher Mossler's tort claims.

The applications to consider both Daniel Mossler's and Christopher Mossler's proposed settlements were considered at the same hearing in November of 1978 and resulted in the court's authorizing the temporary administrator to proceed with both of them. The appellant did not assert that the probate court lacked jurisdiction to authorize settlement of the tort cases pending in the district court. In fact, she urged the court to approve the settlement as to Daniel Mossler.

We summarize the findings of fact made after the hearing on the applications. In July, 1978, Rita Wilder had filed a demand for jury trial concerning the claims of Christopher Mossler, but not with regard to the temporary administrator's application to settle Christopher Mossler's interest in the Nationwide and executrix-trustee suits. Her demand for a jury trial might be construed as including an opposition to the claims filed by Christopher Mossler, but she did not file a written opposition to the temporary administrator's application for authority to settle and compromise his interest in the Nationwide and executrix-trustee suits.

Unless settled, the costs of preparing and trying the two suits of Christopher Mossler could amount to as much as the settlement proposed by the temporary administrator's application. If the Nationwide suit were tried, a jury or court could reasonably conclude that Candace Mossler diverted the business of Nationwide to another entity which she controlled but in which Christopher Mossler and Daniel Mossler had no interest. Further, a jury or court could reasonably make findings upon which a judgment could be entered awarding Christopher Mossler at least $54,000 plus interest from 1973 or approximately $10,000 a year plus interest from 1971.

If the executrix-trustee suit were tried, a jury or court could reasonably find that Candace Mossler, as executrix of the Jac-

ques Mossler Estate, sold assets of that estate (including a residence) to relatives and then acquired them from those relatives at a time when Christopher Mossler was a minor. Further, a jury or court could reasonably find that Candace Mossler paid fees to her own attorneys from trust funds belonging to Christopher Mossler. She received about $750,000 in commissions and fees as executrix. The temporary administrator was justified in believing that there was a reasonable probability that a jury would make some or all of the determinations set forth in the findings concerning evaluation of these suits.

The claims of Christopher Mossler filed in this proceeding were rejected by the temporary administrator and were not approved by the probate court. The settlement of the Christopher Mossler litigation is in the best interest of the estate.

The probate judge made these conclusions of law:

"1. Upon written application to and order by the Court, the temporary administrator of an estate may compromise litigation against the estate.

2. The settlement of the Christopher Mossler litigation proposed by the Temporary Administrator's Application is in the best interests of the Estate.

3. By reason of the many independent issues and applications which may be presented during the probate of a complex estate such as this, a demand and fee for jury trial is required with regard to each application or issue so triable.

4. Under the Probate Code of Texas, the Local Rules of the Probate Courts of Harris County, Texas, and the facts, trial by jury was not required concerning the Temporary Administrator's Subject Application.

5. The Probate Court had authority to perform the discretionary function of approving compromises or settlements of litigation pending against the Estate."

■ Mrs. Wilder's first point of error is that the probate court was without jurisdiction to entertain an application to settle and

compromise litigation pending against a decedent's estate where the claim had been rejected by the temporary administrator and the claimant had thereafter failed to timely institute action in the probate court as prescribed by § 313 of the Texas Probate Code. That section provides in part: "When a claim or a part thereof has been rejected by the representative, the claimant shall institute suit thereon in the court of original probate jurisdiction in which the estate is pending or in any other court of proper jurisdiction within ninety days after such rejection, or the claim shall be barred. . . ."

We hold that Christopher Mossler's tort actions dealt with unliquidated potential liability of the kind that require fact-findings to ascertain their amount; they did not constitute a "claim for money" of the kind that must be presented to the executor or administrator for approval as provided by § 298 of the Code. See *Allen v. Denk*, 87 S.W.2d 303, 306 (Tex.Civ.App.1935, no writ); 18 Tex.Jur.2d 342, Decedent's Estates § 401.

■ In any event, we have noted that Christopher Mossler had filed two suits in district court against his mother seeking total damages of $2,700,000. A claim based on those suits was rejected by the temporary administrator on May 27, 1977, and by amended petition filed August 23, 1977, the temporary administrator was joined as a party defendant. Section 5(a) of the Probate Code places original control and jurisdiction over executors, administrators, guardians and wards with the district court. We hold that by joining the temporary administrator as a party defendant in the district court suits within the ninety-day period following rejection of the claim against the estate, Christopher Mossler's action was sufficient to preserve his claim, if necessary that he do so.

■ Mrs. Wilder also contends that once Christopher Mossler elected to proceed in the district court rather than in the probate court, that election was binding, and the probate court lacked authority to permit compromise of the suits in district court. We do not agree.

The temporary administrator's authority to compromise pending litigation is derived from § 234(a)(4) of the Probate Code, which provides:

(a) Powers to be Exercised Under Order of the Court. The personal representative of the estate of any person may, upon application and order authorizing same, renew or extend any obligation owing by or to such estate. When a personal representative deems it for the interest of the estate, he may, upon written application to the court, and by order granting authority:

(1) . . .

(2) . . .

(3) . . .

(4) Make compromises or settlements in relation to property or claims in dispute or litigation;

(5) . . .

Section 234 does not limit the claims which a temporary administrator may compromise to those pending in probate court. Section 313 of the Code permits suits on rejected claims to be filed thereon "in the court of original jurisdiction in which the estate is pending or in any other court of proper jurisdiction." "Executors, administrators and guardians are authorized by statute to compromise claims in dispute or litigation when the matters in controversy and the settlement agreement are properly presented to and approved by the probate court." *Moore v. McInnis*, 295 S.W.2d 707, 712 (Tex.Civ.App.1956, writ ref. n. r. e.). See also *Tucker v. Cole*, 215 S.W.2d 252, 257 (Tex.Civ.App.1948, writ ref. n. r. e.).

■ Mrs. Wilder's second point of error is that the trial court erred in refusing to accord her a trial by jury on the contested issues of fact asserted by Christopher Mossler as required by Section 21 of the Probate Code and by Article V, Sections 10, 16, and 29 of the Texas Constitution.

The appellant calls attention to § 312(a) and § 21 of the code:

§ 312 (a) Any person interested in an estate or ward may, at any time before the court has acted upon a claim, appear and object in writing to the approval of the same, or any part thereof, and in such case . . . the court shall hear proof and render judgment *as in ordinary suits.* (emphasis supplied)

(b) . . .

. . . . . .

§ 21. In all contested probate and mental illness proceedings in the district court or in the county court or statutory probate court, county court at law or other statutory court exercising probate jurisdiction, the parties shall be entitled to trial by jury as in other civil actions.

The appellant does not contend that the proposed settlement should have been submitted to a jury; she argues that since she timely filed in probate court demands for jury trials, that court was obliged by § 21 to afford jury trials to her. It is her position that there is a conflict between the provisions of sections 21 and 234.

We do not agree and do not believe § 21 is applicable in our case. Although the probate judge permitted Mrs. Wilder's counsel to participate fully in the hearing on the application for authority to settle Christopher Mossler's suits, we do not consider that he was required to do so.

Section 10 of the Code provides: "Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits." It has been determined that Mrs. Wilder did not file opposition to the settlement in writing; we have noted that she did not object to the trial court's findings of fact, request additional findings, or assign points of error to them. The trial judge's eighth finding of fact was, in essence, that while Rita Wilder's jury demand concerning the Christopher Mossler claims might be construed as including an opposition to his claims, she did not file a written opposition to the temporary administrator's application for authority to settle them.

Further, Mrs. Wilder does not appear to have been a necessary or proper party to the two tort actions, and under § 21, it is, of course, the parties who are entitled to trial by jury as in other civil actions. "The general rule is that the heirs of a decedent are neither necessary nor proper parties defendant to a suit brought against the administratrix to establish a claim against the decedent's estate." *Garza v. Wilkinson,* 129 S.W.2d 839 (Tex.Civ.App.1939, writ dism. judg. corr.); 18 Tex.Jur.2d 506, Decedents' Estates § 648. "A suit seeking to establish the decedent's liability on a claim and subject property of the estate to its payment should ordinarily be instituted against the personal representative or, under appropriate circumstances, against the heirs or beneficiaries." *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975). There are none of the circumstances shown in our case that would take it out of the general rule, such as where no administration is required or where the personal representative is shown to have an interest adverse to the heirs. We conclude that Mrs. Wilder was not a proper party under § 21.

Further, the settlement of litigation by a personal representative is not a proceeding triable by jury "as in other civil actions." The clear legislative directive in § 234 would be forestalled if any heir of the decedent could require a jury trial before the temporary administrator could exercise the powers listed in that section.

Under the record in our case, the judge of the probate court was justified in authorizing the temporary administrator to settle Christopher Mossler's two tort cases.

Affirmed.

COLEMAN, C. J., and DOYLE, J., also sitting.