**Jesse P. CARTER and Jeanne L. Carter, Individually and as Next Friend of Jesse Vincent Carter, a Minor, Appellants,**

v.

**Janiece KAHLER and the Estate of Victor L. Kahler, Deceased, Appellees.**

No. 01–93–01114–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 8, 1995.

Rehearing Overruled July 13, 1995.

Kevin Dubose, Houston, G. Riley Hetherington, Katy, for appellant.

Richard L. Doehring, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and ANDELL and HEDGES, JJ.

## OPINION

ANDELL, Justice.

In this appeal of a claim classification order from a probate court, we must decide whether under Tex.Prob.Code Ann. § 322 (Vernon Supp.1995), the filing of a lawsuit meets the requirements of legal exhibition of a claim. We hold that it does.

Underlying this claim is a multi-million-dollar judgment from a medical malpractice suit, in favor of appellants Jesse P. Carter, Jeanne L. Carter, and Jesse Vincent Carter, and against appellee, the Estate of Victor L. Kahler, deceased. The decedent's ex-wife, Janiece Kahler, is a prior claimant and also an appellee. The Carters submitted this claim to the probate court, which determined it was a class-eight claim. In a sole point of error, the Carters challenge this classification and contend that the probate court should have designated the claim as a class-seven claim. We agree, and we reverse.

### Priority Claim Classifications

■ The Legislature has established eight classifications for claims against an estate and has assigned priority of payment accordingly. Tex.Prob.Code Ann. § 322. Classification of claims is a function of the probate court. *Blair v. State,* 640 S.W.2d 867, 869 (Tex.1982). Claim classes one through six are not relevant to this appeal. The question is whether the Carters' claim falls into class seven or class eight. The relevant portion of the statute reads:

**Classification of Claims Against Estates of Decedent**

Claims against an estate of a decedent shall be classed and have priority of payment, as follows:

. . . .

Class 7. All other claims *legally exhibited within six months* after the original grant of *letters testamentary or of administration.*

Class 8. All claims *legally exhibited after the lapse of six months* from the original grant of *letters testamentary or of administration.*

Tex.Prob.Code Ann. § 322 (emphasis added). We must decide whether the Carters "legally exhibited" their claim against the Kahler estate before or after the six-month window. This requires us to determine whether the Carters "legally exhibited" their claim by filing their lawsuit.

### Legally Exhibiting a Claim

On January 8, 1991, the letters testamentary for the independent executor of the Estate

of Victor L. Kahler, Deceased were authorized. The estate was under independent administration until April 20, 1993, when letters of administration were granted. On that date the estate was changed from an independent administration to a dependent administration. The Carters filed suit against the Kahler estate, through its executor NCNB Bank (which later changed its name to NationsBank), on February 19, 1991. This filing took place within six months after the original grant of the letters testamentary. The Carters claim that because filing suit satisfied the legal exhibition requirement, their claim should be classified as a class seven claim.

■ Until they obtained their judgment on February 19, 1993, the Carters had only a contingent claim against the estate. The disposal of a contingent claim against an estate in Texas is problematic. The Code does not require that a contingent claim be filed at any time during the administration of an estate. If a contingent claim becomes certain after the estate has been distributed, the distributees will be liable for its payment. COMMENT, *Contingent Claims Against Decedents' Estates: A Need for Legislation in Texas,* 28 Sw.L.J. 561, 562 (1974).[1]

■ A contingent claim must be contrasted with a claim for money, authorized in TEX.PROB.CODE ANN. § 298, whose filing procedures are statutorily prescribed in TEX. PROB.CODE ANN. § 301. Claims for money must be presented within six months after the original grant of letters testamentary or of administration; otherwise, they lose priority and will be paid only after claims presented within the six months have been paid. We note that section 298 refers to *presentation* of a claim, whereas section 322 Class 7 and Class 8 refer to *legal exhibition* of a claim. Deferring to the principle that statutes be read so that all parts are meaningful, *Ex parte Pruitt,* 551 S.W.2d 706, 709 (Tex. 1977), we deduce that the legislature intended that the difference in vocabulary signal a difference in the way the various types of claims are perfected.

■ We must decide, then, what the term "legally exhibited" means. "An ordinary claimant, [i.e., one with a claim for money] 'legally exhibits' his claim by presenting to the administrator a formal, written verified claim meeting the requirements of the Texas Probate Code." Boone Schwartzel, *The Priority of Creditors' Claims in Independent Administrations,* 42 BAYLOR L.REV. 291, 292 (1990). It would be impossible for the holder of a contingent claim to file a formal, written verified claim adhering to Code standards. Because a contingent claim must be established by suit, it could never be "presented" and would always be relegated to section 322, class eight. KENNETH MCLAUGHLIN, JR., TEXAS PROBATE, ESTATE, AND TRUST ADMINISTRATION § 32.41[2][a] (1994).

We hold that "legally exhibited" also means filing suit on a contingent claim. Therefore, if a suit is filed within six months of the original granting of the letters testamentary or of administration, the contingent claim has been legally exhibited for the purpose of section 322, class seven. Because the Carter's suit was filed within the appropriate six month period, it should have been classified as a class-seven claim.

We sustain the Carters' sole point of error.

We reverse and remand to the probate court with instructions to redesignate the Carters' claim as a class-seven claim.

---

1. The author explains that "[i]n 1955 the Texas Legislature failed to enact proposed legislation which would have dealt with contingent claims in much the same manner as does the Model Probate Code. 'As a result the proper method of handling contingent claims remains a matter of speculation in this State.' Interpretative Commentary, TEX.PROB.CODE ANN. art. 298 (Vernon 1956)." *Id.* at 562 n. 5 (1974).