Rodney CROSS, Temporary
Conservator, Appellant,

v.

OLD REPUBLIC SURETY
COMPANY, Appellee.

No. 04–97–00299–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 12, 1998.

Rehearing Overruled Dec. 8, 1998.

Darby Riley, Law Office of Darby Riley, San Antonio, for appellant.

Robert D. Reed, W. David Moore, Reed, Ederer & Moore, P.C., San Antonio, for appellee.

Before PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

Rodney Cross, Temporary Conservator of the Estate of Josie Rachel Schierling, appeals the probate court's take–nothing judgment in his suit against Old Republic Surety Company on the surety bond it issued for its principal, Donald Schillings, Administrator of the Estate of Annabelle Wright. Cross argues he is entitled to recover against Old Republic because he complied with the claims procedures set forth in the Texas Probate Code and conclusively proved Schillings breached the condition of his bond by failing to well and truly perform his duties as administrator. We agree and therefore reverse the probate court's judgment; render judgment in Cross' favor for the face amount of the bond, pre- and postjudgment interest, and costs; and remand this cause to the probate court to determine the amount of prejudgment interest and attorney's fees, if any, to which Cross is entitled.

### FACTUAL AND PROCEDURAL BACKGROUND

After Annabelle Wright died, her son, Donald Schillings, qualified as the administrator of her estate on December 18, 1984, by taking an oath and filing a $60,000 surety bond issued by Old Republic and conditioned upon Schillings "well and truly, faithfully perform[ing] all the duties required of him." Thereafter, Schillings filed an inventory, appraisement, and list of claims. In this inventory, Schillings represented the estate owned $60,000 in cash in common with Schillings, as well as a cause of action against Cross valued at $125,000, and there were no claims against the estate. In April 1985, Schillings filed suit on the estate's purported cause of action against Cross and subsequently, on September 18, 1985, obtained an order permitting him to distribute the cash to himself, as his mother's sole heir.

On January 8, 1986, Cross sued Schillings, individually and as administrator of his mother's estate, in the United States District Court for the Central District of California for defrauding Cross' ward, Wright's sister, by withdrawing approximately $84,000 from her bank accounts. Shortly after this suit was filed, the federal district court enjoined Schillings' suit involving the same subject matter and ultimately, on February 9, 1990, rendered judgment against Schillings, individually and as administrator, for $84,000 in actual damages, $42,707 in interest, and $250,000 in exemplary damages. In its opinion, the federal district court found Schillings wrongfully claimed the funds withdrawn from his aunt's accounts belonged to his mother before her death and, after her death, to him as her sole heir.

Schillings never advised the probate court of the 1990 judgment or even that the suit had been filed. Nor did he advise the probate court that the suit he filed against Cross had been stayed and later dismissed. Further, he never attempted to reimburse the estate for the funds he withdrew from his aunt's accounts, claimed as estate funds, and distributed to himself in September 1985. Indeed, by the time the 1990 judgment was rendered, Schillings was in bankruptcy. Accordingly, on July 16, 1991, Cross filed a petition against Old Republic in the probate court in which Wright's estate was pending to recover against Schillings' bond. Later, on November 13, 1991, Cross filed a claim against Wright's estate for the damages awarded in the 1990 judgment.

On November 24, 1992, Cross obtained an order lifting the automatic stay in Schillings' bankruptcy for purposes of filing suit, but not enforcing a judgment, against him. Thereafter, on November 15, 1993, Cross' suits against Old Republic and Schillings were consolidated and, on January 30, 1995, after a hearing attended by Old Republic's attorney, the probate court granted a default judgment against Schillings, expressly finding:

- Schillings and Wright fraudulently obtained $84,000 from Wright's sister;
- Schillings initially placed the $84,000 in his mother's name and, after her death, in her estate;
- "[a]t the time of filing the estate proceedings herein, and at all relevant

times, Schillings knew that the $60,000. cash reported as owned and in the possession of Wright at the time of her death had been misappropriated from [Wright's sister] and [she] or her estate was the rightful owner of said $60,000. cash";

● "Schillings perpetrated a fraud on this Court by representing that no claims existed or could exist against the Wright estate, when Schillings knew of the substantial claims of [Wright's sister] or her estate against the Wright estate"; and

● "Schillings is unable to pay plaintiff's claim because Schillings has wrongfully dissipated the assets of the estate of Annabelle Wright in violation of his duties as administrator. Although, fully aware of plaintiff's right to collect as a creditor of the Wright estate, Schillings failed to pay the $60,000. to plaintiff but spent it for his own purposes, leaving the estate of Annabelle Wright with no assets [with] which to pay plaintiff's claim."

The probate court also adopted the 1990 judgment as its own and ordered Schillings, individually and as administrator of his mother's estate, to pay Cross $60,000 "for his willful failure to faithfully perform the duties required of him under this court's appointment of him as administrator; together with prejudgment interest at the rate of 10% per annum from date of appointment until the date of this judgment."

The probate court later tried Cross' suit against Old Republic and ultimately rendered a take-nothing judgment. In its findings of fact and conclusions of law, the court concluded Cross' claim was based upon and liquidated in the 1990 judgment, subject to the liquidated claims procedures set forth in the Texas Probate Code, and deemed rejected on December 13, 1991. However, Cross failed to present this claim before filing suit against Old Republic and failed to file his suit against Schillings within ninety days after Schillings was deemed to have rejected the November 13, 1991 claim. Cross' claim was thus not allowed by Schillings, not approved by the probate court, and not established by suit.

Additionally, although the probate court found there were not sufficient funds in the estate to pay Cross' claim at the time he filed suit or at the time he filed his claim, it concluded Cross was required to obtain, and failed to obtain, either an order of payment or an order for surety liability for failure to pay the claim. As a result, the probate court concluded Cross' claim against the estate was barred, and he had failed to establish a claim against Old Republic.

### CROSS' COMPLIANCE WITH CLAIMS PROCEDURES

In his first point of error, Cross argues the trial court erred in concluding his claim against the estate was barred because he failed to present his claim before filing suit against Old Republic and he failed to file suit against Schillings within ninety days after he was deemed to have rejected Cross' November 13, 1991 Affidavit Attached to Claim. We agree.

Under the Texas Probate Code, different procedures govern liquidated and unliquidated claims against an estate. To establish a liquidated "claim for money," a claimant must first present his claim to the estate's administrator, who may either allow or reject the claim. TEX. PROB.CODE ANN. §§ 298(a), 309 (Vernon 1980). If the administrator fails to act within thirty days after the date the claim was filed, it is deemed rejected. *Id.* § 310. The claimant must then establish his claim by filing suit against the administrator within ninety days after the date his claim was rejected. *Id.* § 313. If a claimant fails to present a liquidated claim to the administrator, any resulting order of payment is void. *Clements v. Chajkowski*, 146 Tex. 408, 208 S.W.2d 841, 843 (1948). Similarly, if a claimant fails to file suit within ninety days after a claim is rejected, the claim is barred. *Russell v. Dobbs*, 163 Tex. 282, 354 S.W.2d 373, 376 (1962).

However, to establish an unliquidated claim against an estate, a claimant need not present his claim before filing suit against the administrator. *E.g., Carter v. Kahler*, 902 S.W.2d 85, 87 (Tex.App.CHouston [1st Dist.] 1995, writ denied); *Wilder v.*

*Mossler,* 583 S.W.2d 664, 667 (Tex.Civ.App.CHouston [1st Dist.] 1979, no writ). Nor must he file suit on a rejected, but unliquidated, claim within the ninety-day period. *Walton v. First Nat'l Bank of Trenton,* 956 S.W.2d 647, 653 (Tex.App.CTexarkana 1997, pet. denied); *Lusk v. Mintz,* 625 S.W.2d 774, 776 (Tex.App.CHouston [14th Dist.] 1981, no writ).

█ Once a claim is successfully established by suit and judgment, it is "handled as if originally allowed and approved in due course of administration." TEX. PROB.CODE ANN. § 313. Necessarily, therefore, if judgment on a claim is rendered by a court other than the probate court in which the estate is pending, the claimant must file a certified copy of the judgment in the probate court. *See id.; Conrad v. Judson,* 465 S.W.2d 819, 827 (Tex.Civ.App.CDallas 1971, writ ref'd n.r.e.), *cert. denied,* 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 582 (1972); *Harsch v. Kelly,* 184 S.W.2d 342, 344 (Tex.Civ.App.CAustin 1944, writ ref'd w.o.m.). A claimant is thus not required nor even permitted to retry his claim in the probate court. *Blair v. State,* 640 S.W.2d 867, 869 (Tex.1982).

In short, neither the presentment requirement nor the ninety-day period in which to file suit applies to unliquidated claims. Therefore, to determine whether these provisions bar Cross' claim against Old Republic, as the probate court ruled, we must decide whether Cross' claim was liquidated. But to decide this issue, we must first resolve the confusion surrounding the nature of the claim Cross asserts against Old Republic.

The trial court's findings and conclusions, as well as Old Republic's brief, rest upon the premise that Cross filed only one claim-his November 13, 1991 Affidavit Attached to Claim, in which he sought to recover the damages awarded in the 1990 judgment against Schillings in his capacity as administrator-and it was this claim Cross asserted against Old Republic. Because this claim was liquidated, the trial court found and Old Republic argues Cross was required and failed to present his claim before filing his suit against Old Republic, and he was further required and failed to file suit against Schillings within ninety days after this claim was deemed rejected. However, the record establishes Cross filed three claims: (1) his November 13, 1991 Affidavit Attached to Claim, in which he sought to recover the damages awarded against the estate in the 1990 judgment, which arose out of the tort claims against Schillings in his capacity as administrator for fraud and breach of fiduciary duty; (2) his July 16, 1991 petition against Old Republic to recover against Schillings' surety bond because he failed to well and truly perform his duties as administrator; and (3) on the same ground, his November 24, 1992 petition against Schillings. Cross' November 13, 1991 claim is thus only one of the three claims he filed, and it is not the claim Cross pleaded against Old Republic. Rather, the claim consistently asserted in Cross' original and amended petitions against Old Republic is Schillings' failure to well and truly perform his duties as administrator. It is therefore this claim, not Cross' November 13, 1991 claim, we must analyze to determine the correctness of the trial court's judgment.

█ For purposes of the probate claims procedures, a claim is liquidated if liability is settled, rather than contingent, and damages are certain, rather than indeterminate. *Connelly v. Paul,* 731 S.W.2d 657, 659 (Tex.App.CHouston [1st Dist.] 1987, writ ref'd n.r.e.); *National Guar. Loan & Trust Co. v. Fly,* 29 Tex.Civ.App. 533, 69 S.W. 231, 232 (Tex.Civ.App.CHouston [1st Dist.] 1902, no writ); *see also Wilder,* 583 S.W.2d at 667 (tort actions against adoptive mother for wrongful acts as executrix were unliquidated claims because they involved "unliquidated potential liability of the kind that require fact-findings to ascertain their amount"); *Allen v. Denk,* 87 S.W.2d 303, 306–07 (Tex.Civ.App.CAustin 1935, no writ) (statutes do not require presentation of tort claims that are "contingent or unliquidated").

Viewed in light of these authorities, we hold Cross' tort actions against Schillings for fraud and breach of fiduciary duty were unliquidated until they were merged into the 1990 judgment. Accordingly, Cross was not required to present these claims before he filed the federal district court suit against Schillings in his capacity as administrator. Nor was Cross required to file suit against

Schillings on this claim within ninety days after his November 13, 1991 Affidavit Attached to Claim was deemed rejected. Rather, Cross established this claim as an allowed and approved claim against the estate by filing a certified copy of the judgment in the probate court in which the estate was pending.

In accordance with these same authorities, we also hold Cross' claims against Schillings and Old Republic for Schillings' failure to well and truly perform his duties as administrator were unliquidated. Neither the fact nor the amount of Schillings' liability on this claim, nor Old Republic's liability as his surety, was settled at the time Cross filed his petition against Old Republic in July 1991 or later in November 1992, when he filed his petition against Schillings. Indeed, neither Schillings' nor Old Republic's liability on these claims was settled until Schillings' liability was established by the probate court's default judgment against him in January 1995. Accordingly, Cross was not required to present these claims before filing suit in July 1991 and November 1992 against Old Republic and Schillings, respectively. Nor was Cross required to file either of these suits within ninety days after his November 13, 1991 claim against the estate for the damages awarded in the 1990 judgment was deemed rejected. Rather, Cross established the claim against Schillings, and the predicate for his claim against Old Republic, by obtaining the default judgment against Schillings in his capacity as administrator in January 1995. We therefore sustain Cross' first point of error and reverse the trial court's take-nothing judgment.

## OLD REPUBLIC' S LIABILITY

■ In his third point of error, Cross argues the probate court erred in refusing to render judgment in his favor because the undisputed evidence conclusively establishes his right to recover against Old Republic. We agree.

■ If an administrator misappropriates estate funds, he is charged with the continuing duty to account for the misappropriated funds and reimburse the estate. *Ward v. Maryland Cas. Co.*, 140 Tex. 124,

166 S.W.2d 117, 120 (1942); *Fidelity Union Ins. Co. v. Hutchins*, 134 Tex. 268, 133 S.W.2d 105, 110–112 (1939); *see Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991). Indeed, once funds are traced into the administrator's possession, he is presumed to "possess the entire amount traced," and it becomes his "burden to show [he is] not in possession of all or part of the traced amount." *Buller*, 806 S.W.2d at 226. If the administrator fails to carry this burden, he breaches the condition of his bond to well and truly perform his duties as administrator, and his surety becomes liable to the estate for the misappropriated funds up to the face amount of the bond. *Ward*, 166 S.W.2d at 120 (surety is liable for misappropriated funds); *see also Great Am. Ins. Co. v. North Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 426 (Tex.1995) ("[A] surety's liability generally is limited to the penal sum of the bond."). If a surety is held liable on its bond, it is also liable for prejudgment interest commencing on the date demand was made. *Howze v. Surety Corp. of America*, 584 S.W.2d 263, 268 (Tex.1979); *Ward*, 166 S.W.2d at 120.

Cross obtained and filed a certified copy of the 1990 judgment against the estate in the probate court on November 13, 1991, thus establishing the allowance and approval of this claim against the estate. Cross also filed suit against Old Republic alleging that Schillings breached his "duty to pay to [Cross] amounts wrongfully appropriated from [Wright's sister] and placed in the name of Annabella [sic] Wright or her estate"Can allegation also pleaded, in substance, against Schillings and deemed admitted in the default judgment rendered against him in January 1990. Moreover, when Schillings and Old Republic did not defend Cross' allegations in his suit against Schillings at the default judgment hearing, Cross' documentary proof conclusively established Schillings breached the condition of his bond and his continuing duties as administrator by (1) failing to disclose Cross' claim against the estate to the probate court in an amended inventory at any time after the federal district court suit was filed or even after the 1990 judgment was rendered, and (2) failing to reim-

burse the estate for the funds distributed to him as sole heir in reliance upon his representation that there were and could be no claims against the estate at any time after the 1990 judgment was rendered and filed in the probate court. The probate court thus correctly found in its default judgment that Schillings defrauded the probate court and, in so doing, failed to well and truly perform his duties as administrator. And it is this default judgment against Schillings by which Cross established the predicate for his claim against Old Republic. *See Ward*, 166 S.W.2d at 119–20.

Old Republic insists it is not liable to Cross, however, because, as the probate court found, Cross failed to comply with sections 326 and 328 of the Texas Probate Code, which permit a creditor holding an approved claim to seek an order of payment and, if payment is not made in accordance with the order, obtain a judgment against the administrator and his surety. *See* TEX. PROB. CODE ANN. §§ 326, 328 (Vernon 1980). But the express terms of these provisions limit their application to instances in which "the estate has on hand sufficient available funds" to pay the claim, *id.*, and neither the authority cited by Old Republic nor any other we have found requires a creditor to comply with these provisions when the defaulting administrator has wrongfully depleted the estate of the funds with which a claim might be paid, as the probate court found to have occurred in this case. *See and compare Fillion v. Osborne*, 585 S.W.2d 842, 844 (Tex.Civ.App.CHouston [1st Dist.] 1979, no writ) (without mentioning whether the surety's principal had funds on hand with which to pay the judgment or whether the surety's principal was solvent, court held a judgment creditor failed to establish a cause of action under section 328 because he failed to obtain an order of payment under section 326) *with McFarland v. Beaton*, 126 S.W.2d 719, 723 (Tex.Civ.App.CDallas 1939) (estate beneficiaries were not required to join the insolvent administrator who had wasted the estate's assets to sue and recover on their claim against the surety on the administrator's bond), *aff'd per curiam*, 134 Tex. 652, 134 S.W.2d 1058 (1940) (adopting the court of civil appeals opinion as interpreted in light of *Fidelity Union Ins. Co. v. Hutchins*, 134 Tex. 268, 133 S.W.2d 105 (1940)).

Old Republic also argues it is not bound by the default judgment against Schillings because a surety may not be sued without also joining its principal and, at the time the default judgment was rendered, Cross had not filed an amended petition against both Schillings and Old Republic in the consolidated action. However, Texas law permits a surety to be sued without joining its principal if the principal "is actually or notoriously insolvent," TEX. CIV. PRAC. & REM. CODE ANN. § 17.001(b)(4) (Vernon 1997), as Schillings indisputably was from at least 1987 until his death in 1996. Texas law also permits a surety to be sued without joining its principal if a judgment against its principal has previously been rendered, TEX.R. CIV. P. 31, and it is undisputed Cross obtained the 1990 judgment against Schillings in his capacity as administrator before filing suit against Old Republic. Finally, it is undisputed Cross' suits against Schillings and Old Republic were consolidated and merged into a single action before the default judgment was rendered, TEX.R. CIV. P. 174, and Old Republic's attorney in fact appeared at the default judgment hearing and was afforded an opportunity to defend the suit against its principal. No more is required. *See Howze*, 584 S.W.2d at 265 (surety on a general undertaking bond is not bound by a judgment against its principal unless it is given notice and an opportunity to defend); *McFarland*, 126 S.W.2d at 723 (estate beneficiaries were not required to join the insolvent administrator who had wasted the estate's assets to sue and recover on their claim against the surety on the administrator's bond).

In short, after consolidating his suit against Schillings with his suit against Old Republic and after affording Old Republic an opportunity to defend, Cross established the predicate for Old Republic's liability by obtaining a default judgment expressly finding Schillings failed to "faithfully perform the duties required of him" as administrator. We therefore sustain Cross' third point of error and render judgment in his favor for $60,000; prejudgment interest commencing

on January 4, 1991, the date of Cross' demand; postjudgment interest; and costs.[1]

## CONCLUSION

Cross complied with the claims procedures set forth in the Texas Probate Code in pursuing his unliquidated claim against Old Republic, and he thereafter conclusively established the predicate for Old Republic's liability by obtaining a default judgment expressly finding Schillings failed to well and truly perform his duties as administrator. We therefore reverse the probate court's judgment; render judgment against Old Republic for $60,-000, prejudgment interest commencing on January 4, 1991, postjudgment interest, and costs; and remand this cause to the probate court to determine the amount of prejudgment interest and attorney's fees, if any, to which Cross is entitled.

---

1. We recognize Schillings' inventory claims only $30,000 of the misappropriated funds as belonging to his mother's estate. However, the probate court found in its default judgment against Schillings that all of the proceeds of the fraud "were in the estate of Wright at the time the estate was taken out in this court," and it awarded judgment against Schillings for the full $60,-000.