TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00019-CV






David B. Kinsey, Lewis Kinsey, and Patricia O. Porter, Appellant



v.



Norwest Bank, Texas, N.A., Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-96-0446-C, HONORABLE DICK ALCALA, JUDGE PRESIDING 






PER CURIAM


 Appellants David B. Kinsey, Lewis Kinsey, and Patricia O. Porter challenge a summary
judgment rendered in favor of appellee Norwest Bank, Texas, N.A. We will affirm the trial court's
judgment.


THE DISPUTE


 Appellants are nephews and niece of E. Bertram Gray, who died on July 13, 1976. 
Bertram was survived by his wife, Ora Coon Gray. They had no children.

 Bertram executed a will on October 20, 1961, naming Ora as independent executrix. Ora
probated the will shortly after Bertram's death. Neither Norwest Bank nor its predecessors had any
involvement with Bertram's estate.

 Bertram's will left all his property to Ora, with the provision that if she predeceased him,
one-half would go to his sisters, Mable Gray Kinsey and Hazel Gray Ogden, and the other one-half would
go to her sisters, Clara Coon Pearson and Fay Coon Dorn. The will contained the further provision that,
"My wife and I are executing similar wills at this time and it is hereby recognized and agreed that these wills
are contractual."

 After Bertram's death, Ora made several new wills. She died on January 1, 1994, leaving
a will dated September 12, 1986. While the will left specific bequests to her late husband's family, it did
not leave to them one-half the estate. (1)

 The September 1, 1986, will named Central National Bank of San Angelo as independent
executor. Central National Bank's successor, First National Bank of West Texas, was appointed
independent executor and probated the will on January 31, 1994. First National Bank later changed its
name to Norwest Bank Texas.

 On April 16, 1996, appellants filed suit against the estate, Norwest Bank, and Ora's
devisees, alleging (1) that Bertram and Ora had executed contractual wills, (2) that Ora had no power to
depart from the terms of the contractual wills, (3) that the agreement should be enforced by awarding them
one-half of the estate, and (4) that Norwest Bank had breached its fiduciary duty by not advising them of
the purported contractual will and by charging their bequests with a prorated amount of estate taxes.
Appellants settled with the estate before trial, with the estate paying appellants an additional $120,000. 
The claims against Norwest Bank were dismissed, but appellants filed the instant cause the following week,
once again alleging a breach of fiduciary duty.


ANALYSIS


 To prevail on the motion for summary judgment, the defendant must have either disproved
at least one element of the plaintiff's cause of action, or pleaded and conclusively established each essential
element of an affirmative defense. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). 
The nonmovant has no duty to present contrary evidence until the movant establishes a right to summary
judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The
standards for reviewing a motion for summary judgment are well established: (1) the movant for summary
judgment has the burden of showing that no genuine issue of material fact exists and that the movant is
entitled to judgment as a matter of law; (2) in deciding whether a disputed material fact issue precludes
summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable
inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 

 By point of error one, appellants complain that the trial court erred in granting summary
judgment for Norwest Bank on the issue whether Norwest Bank breached its fiduciary duty by failing to
disclose to them its knowledge of evidence that Ora was bound by contractual wills. Norwest Bank moved
for summary judgment on this claim on the grounds that (1) it did not owe a fiduciary duty to appellants in
their role as creditor, (2) it fulfilled its duty to them as beneficiaries under the will, and (3) appellants were
not damaged by its failure to inform them of the possible existence of a contractual will. Because we agree
that appellants were not damaged by Norwest Bank's failure to disclose the possible existence of a
contractual will, we do not reach the other grounds.

 Appellants learned of their claim, prosecuted it, and settled it. Appellants first claim that
they do not have to prove that they suffered actual damages because "even without an actual 'loss' they
are entitled to special fiduciary damages." (Emphasis added.) They cite for this proposition City of Fort
Worth v. Pippen, 439 S.W.2d 660 (Tex. 1969), and Kinzback Tool Co., Inc. v. Corbett-Wallace
Corp., 160 S.W.2d 509 (Tex. 1942). Neither of these cases stands for the proposition cited; rather, both
cases hold that an agent that has profited through his agency must give to his principal the extra profit he
has made. There is no allegation in this case that Norwest Bank secretly profited from its acts, nor is there
case law support for an award of damages for breach of fiduciary duty regardless whether actual damages
exist.

 Appellants further argue that attorney's fees are recoverable under Texas Probate Code
section 245, which provides that, "When the personal representative of an estate . . . neglects the
performance of any duty required and any costs are incurred thereby . . . he . . . shall be liable for
reasonable attorneys' fees incurred . . . in obtaining his compliance regarding any statutory duty he has
neglected." Tex. Prob. Code Ann. § 245 (West Supp. 1997). This Court has held that attorney's fees
are recoverable only if the personal representative has neglected a statutory duty. Lawyers Surety Corp.
v. Larson, 869 S.W.2d 649, 652 (Tex. App.--Austin 1994, writ denied). Appellants are not entitled to
attorney's fees under section 245 because they do not allege that Norwest Bank neglected a particular
statutory duty.

 Finally, appellants allege they are entitled to exemplary damages because Norwest Bank
intentionally breached its fiduciary duties. Manges v. Guerra, 673 S.W.2d 180 (Tex. 1984); Texas Bank
& Trust v. Moore, 595 S.W.2d 502 (Tex. 1980). But exemplary damages cannot be awarded unless
actual damages exist. See Twin City Fire Ins. Co. v. Davis, 904 S.W.2d 663, 665 (Tex. 1995); City
Products Corp. v. Berman, 610 S.W.2d 446, 450 (Tex. 1980). Since no actual damages exist,
appellants, as a matter of law, are not entitled to exemplary damages. We overrule point of error one.

 By point of error two, appellants complain that the trial court erred in granting summary
judgment for Norwest Bank on the issue whether Norwest Bank breached its fiduciary duty by failing to
disclose that Texas law did not clearly require them to pay a proportionate part of the death taxes owed
by Ora's estate. Appellants base their claim on a 1994 opinion prepared for Norwest Bank by outside
counsel that concluded that there was no clear resolution of the death tax apportionment issue under Texas
law. 

 Norwest Bank moved for summary judgment on this claim on the grounds that (1) the
apportionment of taxes was correct under Texas Probate Code section 322(A)(b)(1), and (2) even if the
apportionment was incorrect, it did not breach a fiduciary duty because it relied on the opinion of outside
counsel and its own counsel in determining to apportion the taxes evenly. See Tex. Prob. Code Ann. §
322(A)(b)(1) (West Supp. 1997). (2)

 Section 322(A)(b)(1) requires that each person interested in the estate be charged a
proportionate amount of the estate tax generated by its bequest. The requirement, however, is subject to
the provision in section 322(A)(b)(2) that the will may provide otherwise. The legal opinion upon which
appellants base their claim noted that no cases had interpreted what provision in the will may override the
statutory requirement. It further considered whether Ora's direction that her "debts, funeral expense and
death taxes . . .be paid out of my estate" could be interpreted as providing that the taxes be paid out of her
residuary estate, thus overriding the statutory requirement that estate taxes be ratably apportioned. The
cautiously worded opinion reviewed the law and concluded that, although the issue had not been decided
by a court, Ora's direction that taxes be paid from her estate should "probably not" be interpreted as
overriding the proportional apportionment requirement of section 322(A)(b)(1). In addition to the written
opinion of outside counsel, Norwest Bank's in-house counsel concluded that the will could not be
interpreted as overriding the proportional apportionment requirement. Acting on this advice, Norwest Bank
apportioned the taxes to each beneficiary.

 On appeal, appellants argue that the bank breached its fiduciary duty by not telling them
that the legal memorandum concluded that there had been no clear resolution of the death tax
apportionment issue. Appellants do not challenge Norwest Bank's assertion that section 322(A)(b)
actually required it to ratably apportion the estate taxes; instead, they complain only that they are damaged
because Norwest Bank did not tell them that the law regarding apportionment had not been settled. As
discussed above, appellants must prove actual damages: not knowing whether the law was settled regarding
apportionment did not harm them unless the law actually did not require apportionment. (3)

 Further, without actual damages, exemplary damages are inappropriate. Twin City Fire
Ins. Co., 904 S.W.2d at 665. And, as we conclude above, Texas Probate Code section 245 does not
entitle appellants to attorney's fees because they do not allege a lack of compliance with a specific statutory
duty; nor have appellants undertaken to argue on appeal that Norwest Bank was wrong on the merits. See
Lawyers Surety Corp., 869 S.W.2d at 652. We overrule point of error two.


CONCLUSION


 Finding no error, we affirm the trial-court judgment.



Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 3, 1997

Do Not Publish

1. Bertram's estate was appraised at $154,542.97 on the federal estate tax return filed for the estate. 
Ora's estate was appraised at $841,914.81 on the federal estate tax return filed for the estate. The specific
bequests to Patricia O. Porter, David B. Kinsey, and Lewis Kinsey, were for $50,000, $25,000 and
$25,000, respectively.
2. Probate Code section 322A(b) provides:


 (1) The representative shall charge each person interested in the estate a portion
of the total estate tax assessed against the estate. The portion of each estate
tax that is charged to each person interested in the estate must represent
the same ratio as the taxable value of that persons' interest in the estate
included in determining the amount of the tax bears to the total taxable value
of all the interests of all persons interested in the estate included in determining
the amount of the tax.


 (2) Subdivision (1) of this subsection does not apply to the extent the decedent in
a written inter vivos or testamentary instrument disposing of or creating an
interest in property specifically directs the manner of apportionment of estate
tax or grants a discretionary power of apportionment to another person. A
direction for the apportionment or nonapportionment of estate tax is limited to
the estate tax on the property passing under the instrument unless the
instrument is a will that provides otherwise.


Tex. Prob. Code Ann. § 322A(b)(1), (2) (West Supp. 1997) (Emphasis added). 
3. We do not reach the merits whether the clause in Ora's will overcomes the statutory requirement
because appellants have neither raised that as a point of error nor briefed it. Specific grounds not argued
on appeal are not before the appellate court. See Maranatha Temple, Inc. v. Enterprise Products Co.,
893 S.W.2d 92, 106 (Tex. App.--Houston [1st Dist.] 1994, writ denied); Bradt v. West, 892 S.W.2d
56, 68-69 (Tex. App.--Houston [1st Dist.] 1994, writ denied).


 had not been decided
by a court, Ora's direction that taxes be paid from her estate should "probably not" be interpreted as
overriding the proportional apportionment requirement of section 322(A)(b)(1). In addition to the written
opinion of outside counsel, Norwest Bank's in-house counsel concluded that the will could not be
interpreted as overriding the proportional apportionment requirement. Acting on this advice, Norwest Bank
apportioned the taxes to each beneficiary.

 On appeal, appellants argue that the bank breached its fiduciary duty by not telling them
that the legal memorandum concluded that there had been no clear resolution of the death tax
apportionment issue. Appellants do not challenge Norwest Bank's assertion that section 322(A)(b)
actually required it to ratably apportion the estate taxes; instead, they complain only that they are damaged
because Norwest Bank did not tell them that the law regarding apportionment had not been settled. As
discussed above, appellants must prove actual damages: not knowing whether the law was settled regarding
apportionment did not harm them unless the law actually did not require apportionment. (3)

 Further, without actual damages, exemplary damages are inappropriate. Twin City Fire
Ins. Co., 904 S.W.2d at 665. And, as we conclude above, Texas Probate Code section 245 does not
entitle appellants to attorney's fees because they do not allege a lack of compliance with a specific statutory
duty; nor have appellants undertaken to argue on appeal that Norwest Bank was wrong on the merits. See
Lawyers Surety Corp., 869 S.W.2d at 652. We overrule point of error two.


CONCLUSION


 Finding no error, we affirm the trial-court judgment.



Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 3, 1997

Do Not Publish

1. Bertram's estate was appraised at $154,542.97 on the federal estate tax return filed for the estate. 
Ora's estate was appraised at $841,914.81 on the federal estate tax return filed for the estate. The specific
bequests to Patricia O. Porter, David B. Kinsey, and Lewis Kinsey, were for $50,000, $25,000 and
$25,000, respectively.
2. Probate Code section 322A(b) provides:


 (1) The representative shall charge each person interested in the estate a portion
of the total estate tax assessed against the estate. The portion of each estate
tax that is charged to each person interested in the estate must represent
the same ratio as the taxable value of that persons' interest in the estate
included in determining the amount of the tax bears to the total taxable value
of all the interests of all persons interested in the estate included in determining
the amount of the tax.


 (2) Subdivision (1) of this subsection does not apply to the extent the decedent in
a written inter vivos or testamentary instrument disposing of or creating an
interest in property specifically directs the manner of apportionment of estate
tax or grants a discretionary power of apportionment to another person. A
direction for the apportionment or nonapportionment of estate tax is limited to
the estate tax on the property passing under the instrument unless the
instrument is a will that provides otherwise.


Tex. Prob. Code Ann. § 322A(b)(1), (2) (West Supp. 1997) (Emphasis added). 
3. We do not reach the merits whether the clause