COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-345-CV

 

 

ESTATE OF                                                                                        

 

 

 

AUBREY WRIGHT HAWKINS, DECEASED                                                 

 

 

                                              ------------

 

               FROM
PROBATE COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Lori Hawkins, Administrator
of the Estate of Aubrey Hawkins, appeals from the probate court=s award of attorney=s fees assessed against her in favor of Dixie Buchanan, as next friend
for Andrew Hawkins, the decedent=s only child.  We affirm.

 

 








                                       Factual Background

Dixie Buchanan and the
decedent, Aubrey Hawkins, were married from 1991 until 1993, and during that
time had one child, Andrew Hawkins. 
After  divorcing Dixie, the
appellee, Aubrey later married Lori Hawkins, the appellant, who remained his
wife until the time of his tragic murder in 2000.  On July 23, 2001, Probate Court Number One of
Tarrant County, Texas appointed Lori as the administrator of Aubrey=s intestate estate and issued letters of administration to her.  Lori filed an oath of administrator and
posted a $10,000 bond in accordance with the court=s order naming her administrator of the estate. 








On that same date, the
probate court entered a judgment declaring heirship of Aubrey=s estate.  The probate court
found that Lori was his current spouse and that she was entitled to retain her
one-half interest in the community=s personal and real property, plus a one-third interest in any of
Aubrey=s separate personal property and a one-third life estate in any of
Aubrey=s separate real property.  The
court=s judgment also determined that Aubrey was survived by one child,
Andrew, from Aubrey=s previous
marriage to Dixie.  Andrew was declared
to be the owner of the other one-half interest in the community=s personal and real property and two-thirds of the separate personal
property and real estate with a one-third remainder interest in the surviving
spouse=s life estate in Aubrey=s separate real property.

Lori timely filed an
inventory, appraisement, and list of claims with the probate court on December
28, 2001, which the probate court approved by written order on January 3,
2002.  Lori also timely filed an annual
account that the probate court approved on August 28, 2002, as well as a second
one that the court approved on September 9, 2003.  Both accountings showed an estate value of
$4,100 plus an unliquidated outstanding claim from a cause of action pending in
a Dallas district court regarding a wrongful death action against the Texas
Department of Criminal Justice.  During
this time Lori made virtually no distributions of estate property to Andrew.








On May 29, 2003, Dixie filed
for partition and distribution of the estate on Andrew=s behalf, claiming that Andrew had not yet received his father=s one-half of the community estate or two-thirds of his father=s separate estate. The probate court referred the matter to mediation
on October 15, 2003, but Lori was sanctioned for failure to appear at the
mediation session.  Dixie filed an
amended partition pleading on April 30, 2004, that added a request to deliver
the property to Andrew that he was entitled to under section 384 of the Texas
Probate Code.  The amended petition also
sought a declaration of Andrew=s Arights under
the Estate of Aubrey Wright Hawkins@ and attorney=s fees.

After a trial to the court,
the probate court entered judgment against Lori for failure to timely
distribute the estate=s personal
property to Andrew, finding that she had failed to do so as administrator of
the estate.  On August 9, 2004, the
probate court ordered her to turn over Andrew=s one-half interest and ordered her and her surety, Universal Surety
of America, to pay attorney=s fees of $8,307, with interest, to Dixie pursuant to section 245 of
the Texas Probate Code.

                                         Issues on Appeal

In four issues Lori
challenges the trial court=s award of attorney=s fees to Andrew and Dixie, claiming that the probate code does not
provide for such an award under these circumstances, either under the five
sections of the probate code that specifically allow the award of attorney=s fees, section 384 of the probate code, or under the inappropriately
used declaratory judgment act.  Tex. Civ. Prac. & Rem. Code Ann. '' 37.001-.011 (Vernon 1997 & Supp. 2005); Tex. Prob. Code Ann. ' 384 (Vernon 2003).  Further,
Lori claims that any attorney=s fees award at this time is premature.

 

 








                                       Standard of Review

The issue of whether a party
is entitled to recover attorney=s fees is a question of law for a court to determine.  Holland v. Wal-Mart Stores, Inc., 1
S.W.3d 91, 94 (Tex. 1999); VingCard A.S. v. Merrimac Hospitality Sys.,
Inc.,  59 S.W.3d 847, 867 (Tex. App.CFort Worth 2001, pet. denied) (op. on reh=g); Jackson Law Office, P.C. v. Chappell, 37 S.W.3d 15, 23
(Tex. App.CTyler 2000,
pet. denied).  Because it involves a
purely legal question, we review the availability of the award de novo.  Holland, 1 S.W.3d at 95.  Conclusions of law will be upheld on appeal
if the judgment can be sustained on any legal theory supported by the
evidence.  Raman Chandler Properties,
L.C. v. Caldwell=s Creek
Homeowners Ass=n, Inc., 178 S.W.3d 384, 396 (Tex. App.CFort Worth 2005, pet. filed); Boyd v. Boyd, 67 S.W.3d 398, 404
(Tex. App.CFort Worth
2002, no pet.).

                                    Discussion and Analysis

Lori points to the five
provisions of the probate code that provide for attorney=s fees:

#                  
Section 113(a),(b)(5), which allows attorney=s
fees when necessary for the emergency intervention to pay for a decedent=s
funeral and burial expenses;

#                  
Section 149C(c), which allows attorney=s
fees in connection with the removal of an independent executor;








#                  
Section 243, which provides for attorney=s
fees incurred in connection with admitting a will to probate based upon a good
faith defense of a will;

#                  
Section 245, which allows attorney=s
fees in connection with the removal of a personal representative of an estate
for cause; and

#                  
Section 322A(y), which allows attorney=s
fees for collection of estate taxes apportioned to a person interested in an
estate.

 

Tex. Prob. Code Ann. '' 113(a),
(b)(5), 149C(c), 243 (Vernon 2003), '' 245, 322A(y) (Vernon Supp. 2005). 
Lori lists these five provisions but discusses only section 245 and
section 384, which she claims does not allow an award of attorney=s fees. 

Dixie relies primarily on
section 245 of the code as support for the award.  Lori counters that section 245 applies only
to attorney=s fees
incurred in the removal of a representative, not in an action seeking
distribution of the estate.  Id. ' 245.  We disagree.








Section 245 plainly states
that it applies either when costs are incurred in connection with the removal
of a representative or A[w]hen a
personal representative neglects to perform a required duty.@  Id. (emphasis added).  In these
situations, the representative and the sureties on his bond are liable for Acosts of removal and other
additional costs@ as well as Areasonable attorney=s fees . . . in obtaining compliance
regarding any statutory duty the personal representative has neglected.@  Id. ' 245(1), (2) (emphasis added).  Courts have specifically held that section
245 provides for the recovery of attorney=s fees incurred due to the neglect of a representative in performing
her statutory duties.  See Lee v. Lee,
47 S.W.3d 767, 796-97 (Tex. App.CHouston [14th Dist. 2001, pet. denied); Lawyers Sur. Corp. v.
Larson, 869 S.W.2d 649, 653 (Tex. App.CAustin 1994, writ denied) (op. on reh=g).  These costs are appropriate
assessments against the representative when she neglects her duties, as opposed
to penalizing the estate, because the representative holds the property
interests of the estate for others in this capacity.  Barnett v. Barnett, 985 S.W.2d 520,
534 (Tex. App.CHouston [1st
Dist.] 1998), rev=d in part on other grounds, 67 S.W.3d
107 (Tex. 2001).  Therefore, if the
probate court properly found that Lori had failed to comply with some statutory
duty, then Dixie would be entitled to recovery of her costs and attorney=s fees.  Lee, 47 S.W.3d
at 796.  We undertake this review using
an abuse of discretion standard of review. 
Paul v. Merrill Lynch Trust Company, No. 10-04-00185-CV, 2005 WL
3436787, at *5 (Tex. App.CWaco Dec.
14, 2005, no pet.) (op. on reh=g).








Dixie complained that Lori
failed to deliver any of the personalty reflected in the inventory and
appraisement that belonged to Andrew within a reasonable amount of time.  Dixie=s complaint states that Andrew failed to receive anything from his
father=s estate, other than a few toys, from the time Lori was appointed,
August 3, 2001, through May 29, 2003, and that Andrew, as Aubrey=s only child, was entitled to all of his father=s share of any community property and two-thirds of his father=s separate property.

Dixie=s original and amended petitions clearly asserted claims against Lori
for partition and distribution of the estate, damages and interest thereon, a
declaration of Andrew=s rights to
a portion of the estate, and attorney=s fees incurred in recovering same. 
After consideration of the pleadings and evidence, the trial court
entered a judgment that finds for Dixie, determines Andrew=s rights in the estate, determines amounts to be distributed, orders
Lori to deliver the appropriate portions of the estate to Andrew, and awards
Dixie attorney=s fees
specifically under section 245 of the probate code.  A review of the testimony and exhibits
introduced at the hearing supports the trial court=s findings and conclusions. 
Further, these findings and determinations support the trial court=s award of attorney=s fees under section 245 for failure to distribute portions of the
estate.  Tex. Prob. Code Ann. ' 245.








Because we hold that the
trial court properly awarded attorney=s fees to Dixie under section 245 of the probate code, we overrule
Lori=s first point.  Moreover,
because we have determined that the award was proper under this section of the
probate code, we do not need to address Lori=s other two points complaining of the award of attorney=s fees based on another provision of the probate code or the
declaratory judgment act.  See Tex. R. App. P. 47.1; Raman Chandler
Properties, 178 S.W.3d at 397-98.  

In Lori=s fourth point, she contends that the award was premature because the
administration of the estate had not yet been concluded.  She contends that the award of attorney=s fees against her results in an improper surcharge against her
because the estate is not yet ready to be closed.  However, section 245 is not limited to
recoveries due to neglect of duties only once the estate is closed.  Tex.
Prob. Code Ann. ' 245.  Costs and attorney=s fees can be awarded for the neglect of any duty imposed upon the
representative of an estate at any time. 
Id.  A personal
representative=s primary
duty is to wind up the estate by paying debts and distributing the estate=s property to the appropriate heirs or beneficiaries as speedily as
possible.  Barnett, 985 S.W.2d at
535.  We overrule Lori=s fourth point.

                                             Conclusion

Having overruled Lori=s points on appeal, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DELIVERED:
February 16, 2006