**LAWYERS SURETY CORPORATION,**
Appellant,

v.

**Christine LARSON, Successor Administrator of the Estate of John William Turner, Appellee.**

**LAWYERS SURETY CORPORATION,**
Appellant,

v.

**Christine LARSON, Successor Administrator of the Estate of Mary Ellen Pauline Bates Turner, Appellee.**

Nos. 3–93–029–CV, 3–93–030–CV.

Court of Appeals of Texas, Austin.

Jan. 12, 1994.

Rehearing Overruled Feb. 16, 1994.

Robert D. Reed, Russell, Hoffman & Reed Inc., San Antonio, for appellant.

Richard Thormann, Austin, for appellee.

Before CARROLL, SMITH and ABOUSSIE, JJ.

## ON MOTION FOR REHEARING

BEA ANN SMITH, Justice.

We withdraw the opinion of this Court dated November 24, 1993, and substitute the following in its place.

This is an appeal from two judgments that appellee, Christine Larson, as successor administrator of the estates of Mary Turner and John Turner, recover from Gene Turner and his surety attorney's fees and court costs in the amount of $11,968.74 in each estate. We will affirm.

## BACKGROUND

Mary Turner died without a will on April 28, 1988; she was survived by her husband and ten children. Her husband, John Tur-ner, died August 19, 1988, without a will. Gene Turner, Mary and John's son, was appointed administrator in each estate upon his application. Appellant, Lawyers Surety Corporation ("Lawyers Surety"), served as surety for the bonds totalling $37,000 for the two estates. Gene filed inventories in both estates which were approved by the probate court in December 1988.

On February 22, 1989, Sherry Parker, another of the Turner children, filed a complaint and request for new inventory and list of claims in each estate. Pursuant to an agreed order, Gene filed an amended inventory in each estate on November 21, 1989. The court approved these amended inventories on November 29, 1989. A joint annual account for each estate was also filed in October 1989 and was amended in December of the same year.

On November 30, 1989, Parker filed a second complaint and requested the removal of Gene as administrator and the appointment of a successor representative. On January 24, 1990, the probate court held a hearing on Parker's complaint and request for removal. The court found that Gene had violated several statutory duties and was guilty of gross mismanagement of the estates. The court removed Gene as administrator of the estates and ordered him to deliver the estates to Christine Larson as successor administrator. Larson posted bonds of $13,000 in each estate and took the oath as required by law. This suit was filed on July 15, 1992, alleging various misdeeds by Gene and several of his siblings and claiming damages against Lawyers Surety as surety. Before trial, the claims for damages were dismissed upon request of the beneficiaries, leaving only the claim for attorney's fees and costs under section 245 of the Texas Probate Code. Tex. Prob.Code Ann. § 245 (West Supp.1993). The probate court awarded fees and costs in the amount of $11,968.74 in each estate.

Appellant urges this Court to reverse the judgment of the probate court, raising ten points of error. Appellant's points of error can be divided into four basic claims. First, Lawyers Surety challenges Larson's capacity as administrator to pursue a claim under section 245 of the Texas Probate Code be-

cause of an alleged nonconformity of the bonds she posted. Second, Lawyers Surety argues that the probate court awarded fees based upon an incorrect interpretation of section 245. Third, Lawyers Surety asserts that there was no evidence, or insufficient evidence, to support the probate court's judgment. Finally, Lawyers Surety maintains that the court erred in awarding fees incurred by counsel for Larson.

## THE BONDS

Following her appointment as successor administrator, Larson filed bonds of $13,000 in each estate. These bonds stated that Larson and her surety were "held and firmly bound to the State of Texas to and for the use and benefit of Probate Court No. 1, Travis County, Texas." In its second amended answer, Lawyers Surety asserted by way of special denial that Larson could not recover in the capacity in which she sued because the bonds failed to conform to the requirements of the Texas Probate Code and were therefore defective.[1] Four days after the second amended answer was filed, Larson voluntarily posted amended bonds with language mirroring that of section 194.

█ It is not necessary for this Court to determine the validity of the original bonds. Suits on behalf of the estate may be instituted "by executors, administrators, or guardians appointed in this state." Tex.Prob.Code Ann. § 233A (West Supp.1993). Once the probate court approved the bonds and issued the letters of administration, Larson had the obligation to perform the duties of administrator as well as the authority to assert the power granted an administrator. Any attack on this authority should have been made in the probate court by way of a removal action or a request for a replacement bond. Moreover, any potential harm arising from an alleged defect in Larson's original bonds was cured upon the posting and subsequent approval of the replacement bonds. At such time, any assertion of lack of capacity caused by the original bonds became moot.

Administrators are required to post bond in order to protect the estate and its beneficiaries from potential costs and damages arising from an administrator's mismanagement. This protection would be thwarted if debtors of the estate were allowed to escape liability by attacking the validity of the administrator's bond.[2] Accordingly, we overrule appellant's first, second, third, and fifth points of error.

## SECTION 245

█ In its fourth point of error, Lawyers Surety challenges the probate court's application of section 245 of the Texas Probate Code. This section provides as follows:

When the personal representative of an estate or person neglects the performance of any duty required of him, and any costs are incurred thereby, or if he is removed for cause, he and the sureties on his bond shall be liable for costs of removal and other additional costs incurred that are not authorized expenditures, as defined by this code, *and for reasonable attorney's fees incurred in removing him and in obtaining his compliance regarding any statutory duty he has neglected.*

Tex.Prob.Code Ann. § 245 (West Supp.1993) (emphasis added). The final clause providing for the recovery of attorney's fees was added by legislative amendment in 1983. Lawyers Surety interprets this clause to mean that a personal representative and his or her surety can only be held liable for fees that have been incurred by a person who both removed the administrator *and* attempted to obtain that administrator's compliance with neglected statutory duties. Lawyers Surety contends that because Christine Larson, the successor administrator, was not involved in the removal of Gene Turner as administrator and

---

1. Section 194 provides that the bond of an administrator must be "payable to the county judge or probate judge of the county in which the probate proceedings are pending and to his successors in office." Tex.Prob.Code Ann. § 194 (West 1980).

2. It is conceivable that a debtor might justifiably withhold payment pending an assurance from the probate court that an administrator is authorized to collect monies in that capacity. However, in this case, we are asked to allow Lawyers Surety to escape liability despite the probate court's assurances of the administrator's authority.

did not incur any fees associated with his removal, she cannot recover attorney's fees under section 245. In the alternative, Lawyers Surety asserts that the code limits recovery to attorney's fees incurred in compelling the former administrator to perform the neglected duties, as distinguished from attorney's fees associated with a successor administrator's performing those neglected duties herself. We decline to adopt either reading of the statute.

Section 245 operates in harmony with other provisions of the Texas Probate Code governing the compensation, expenses, and court costs of executors, administrators, and guardians. As a general rule, the personal representative of an estate is entitled to recover from the estate costs and expenses incurred in its preservation, safekeeping, and management. *See* Tex.Prob.Code Ann. § 241 (West Supp.1993) & § 242 (West 1980). If the administrator fails to carry out required duties, section 245 provides for reimbursement of any costs a successor administrator incurs in bringing a removal action; the successor administrator also has a cause of action against the administrator and the surety for costs not ordinarily authorized by the Texas Probate Code if they are occasioned by the administrator's neglect of statutory duties. These costs are assessed against the administrator and the surety because of the inequities inherent in penalizing the estate for the administrator's negligence. *See Fillion v. Osborne*, 585 S.W.2d 842, 845 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) ("[T]he purpose of the section is to insure that the estate will not be charged with fees or any costs which are incurred by reason of fault of the personal representative. . . .").

In 1983, the legislature amended section 245 to impose additional liability on the administrator and the surety for attorney's fees made necessary by neglect of the administrator's duties. This amendment appears to have been in response to case law limiting recovery under former section 245 to "costs" as that term is defined in civil proceedings. *See, e.g., Trinity Universal Ins. Co. v. Drake*, 587 S.W.2d 458 (Tex.Civ.App.—Dallas), *aff'd in part and rev'd in part on other grounds*, 600 S.W.2d 768 (Tex.1980) (concluding that attorney's fees are not costs recoverable under former section 245). With this amendment, the legislature specifically sought to overrule previous decisions that denied recovery of attorney's fees made necessary because of an administrator's failure to meet statutory obligations.

■ While Lawyers Surety does not deny that the statute now provides for an award of attorney's fees, it maintains that as a prerequisite to recovery the person seeking reimbursement, in this case the successor administrator, must have incurred the fees in the process of both removing the administrator *and* compelling that administrator to perform neglected duties. Lawyers Surety asserts that a successor administrator who chooses to do one or the other, but not both, is not eligible to recover attorney's fees under section 245. This interpretation of the statute is not required by the language of section 245. We believe that section 245 allows a successor administrator to recover attorney's fees incurred in removing a prior representative and allows recovery of any attorney's fees incurred by the successor administrator if, rather than undertaking to compel the prior administrator to perform the duties he has neglected, she herself takes steps to correct the problem. We emphasize that only attorney's fees made necessary by the prior administrator's failure to properly manage the estate are recoverable under section 245. This reading of the statute comports with the general policy of encouraging efficient estate administration. We therefore reject a construction of section 245 that would require the successor administrator to pursue both courses of action before becoming eligible to collect attorney's fees from the administrator and the surety.

Lawyers Surety also argues that section 245 only allows recovery of attorney's fees incurred in forcing the removed administrator to comply with neglected statutory duties. Under Lawyers Surety's interpretation of the statute, in order to recover attorney's fees, a successor administrator must actually compel her removed predecessor to perform the estate administration tasks that he neglected during his original tenure as adminis-

trator. The successor administrator who expedites the process by performing those estate administration tasks herself would not be entitled to recover any attorney's fees she incurs in the process. We find this interpretation to be impractical and contrary to the general purpose of section 245.

■ Legislative intent is the touchstone of statutory construction. *See* Tex.Gov't.Code Ann. § 312.005 (West 1988). The court's role is to ascertain legislative intent from the statute as a whole and construe the provisions of the statute so as to give effect to its general purpose. *See Flowers v. Dempsey–Tegeler & Co.,* 472 S.W.2d 112, 115 (Tex. 1971); *City of El Paso v. Public Util. Comm'n,* 839 S.W.2d 895, 909 (Tex.App.—Austin 1992, writ granted). The purpose of section 245 is not to encourage successors to force an unwilling or incompetent administrator to carry out administrative acts required by the Texas Probate Code after judicial removal. Rather, section 245 is designed to ensure that expenses associated with, and caused by, the administrator's neglect of statutory duties are charged not against the estate, but against the culpable administrator and the surety. Lawyers Surety would have this Court read section 245 to allow the successor administrator to recover only those expenses incurred in compelling Gene Turner to perform the very duties he has already been found incapable of performing adequately. We believe this to be an impractical and unwise construction of the Texas Probate Code. Appellant's fourth point of error is overruled.

### SUFFICIENCY OF THE EVIDENCE

In its sixth point of error, Lawyers Surety attacks the legal sufficiency of the evidence supporting the probate court's judgment. In so doing, Lawyers Surety argues that there is no evidence that Larson obtained, or attempted to obtain, Gene's compliance with the statutory duties he had neglected. Having determined that section 245 does not require a successor administrator to attempt to obtain the former administrator's compliance, we do not address this point.

In its seventh point of error, Lawyers Surety complains that the evidence support-

ing the probate court's award of attorney's fees is factually insufficient. It asserts that Larson failed to establish that the fees requested were not incurred in the continuing administration of the estates. Pursuant to our interpretation of section 245, a successor administrator must establish that the attorney's fees she seeks were necessary to remedy the effects of her predecessor's neglect of his statutory duties. Lawyers Surety correctly asserts that section 245 does not entitle Larson to recover fees incurred in the continuing administration of the Turner estates.

Following a trial on the merits, the probate judge awarded Larson $11,968.74 in each estate for court costs and reasonable attorney's fees under section 245 and filed findings of fact that all costs and attorney's fees awarded were necessary to bring the estates into compliance as a result of the statutory and fiduciary duties Gene neglected. Having affirmed the trial court's interpretation of section 245, we must determine whether the evidence is factually sufficient to establish that the fees awarded were actually incurred as a result of Gene Turner's neglecting his duties as estate administrator.

■ Findings of fact filed in a case tried to the court are entitled to the same force and dignity as a jury's verdict. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). When reviewing the factual sufficiency of the evidence to support a finding of the trier of fact we must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *see also Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986). *See generally* William Powers, Jr. & Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Tex.L.Rev. 515 (1991).

■ In this case, Larson testified to the services rendered and the reason such services were necessary. There was extensive cross-examination by Lawyers Surety's counsel regarding the specific acts Larson performed and the reason Gene's neglect neces-

sitated those acts. The probate court heard all of the evidence and determined that Larson was entitled to recover $11,968.74 from each estate. The court specifically found that this award was to compensate Larson for the attorney's fees and costs necessitated by Gene Turner's failure to properly manage the administration of the estate. We hold that the evidence is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Therefore, appellant's seventh point of error is overruled.

Lawyers Surety's remaining points of error contest the inclusion of fees incurred by Richard Thormann, Larson's attorney at trial. However, appellant's brief conditions these complaints on this Court finding error in the probate court's interpretation or application of section 245. Having found no such error, we do not address the final three points of error.

### CONCLUSION

We conclude that the probate court did not err in allowing Larson to pursue her claims on behalf of the estate. We hold that section 245 allows the recovery of attorney's fees incurred in bringing the estates into statutory compliance to correct duties neglected by a prior administrator. Finally, the evidence is factually sufficient to support the probate court's award of fees in this case. For the foregoing reasons, the two judgments of the probate court are affirmed.