**OLD REPUBLIC SURETY COMPANY, Appellant,**

v.

**Rodney CROSS, Temporary Conservator, Appellee.**

No. 04–99–00689–CV.

Court of Appeals of Texas, San Antonio.

May 24, 2000.

Rehearing Overruled June 27, 2000.

Rehearing En Banc Overruled Aug. 14, 2000.

Robert D. Reed, Plunkett & Gibson, Inc., San Antonio, for appellant.

Darby Riley, Law Office of Darby Riley, San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

Years ago, Donald Schillings contracted with Northwestern National Casualty Company to procure a surety bond in the amount of $60,000.00 for faithful performance of duties as administrator of the estate of Annabelle Wright. The appellant, Old Republic Surety Company (Old Republic), is the present obligor on the bond. In a prior appeal, we determined that Old Republic was liable to the appellee, Rodney Cross, for actual damages for Schillings's failure to perform his duties as administrator in the full amount of the surety bond, prejudgment interest, post-judgment interest, and attorney's fees. *See Cross v. Old Republic Surety Co.*, 983 S.W.2d 771, 777–78 (Tex.App.-San Antonio 1998, writ denied). We remanded the case to the probate court to determine the amounts of prejudgment interest and attorney's fees, if any. *Id.* at 778. The probate court then rendered a judgment awarding Cross $60,000.00; post-judgment interest at the rate of 10%; prejudgment interest at the rate of 10%; and $35,000.00 in attorney's fees. Old Republic appeals that judgment in this appeal.

## Attorney's Fees

In its first issue, Old Republic argues that the probate court erred by awarding attorney's fees in excess of the penal sum of its bond. Old Republic maintains that its bond was a statutory bond that obligated it for damages resulting from the failure of Donald Schillings to properly perform his duties as administrator, but only to the extent of the bond, and that no separate basis exists for Cross to recover attorney fees. In response, Cross relies on section 38.001 of the Texas Civil Practice and Remedies Code which provides, in applicable part, for the recovery of attorney's fees if the claim is for "an oral or written contract." Because the damages and the attorney's fees here total more than the amount of the bond, we will first determine whether a surety can be held liable for more than the penal sum of its bond so as to permit the recovery of attorney's fees.

■ The Supreme Court of Texas considered an analogous situation in *Great American Insurance Company v. North Austin Municipal Utility District*, 908 S.W.2d 415 (Tex.1995). In that case, the surety on a performance bond challenged the trial court's award of attorney's fees in excess of the penal sum of its bond. *See Great American Ins.*, 908 S.W.2d at 418. Relying on the general rule that "a surety's liability on an underlying contract is limited to the penal sum of the bond," the Court determined that the surety was not liable for attorney's fees assessed against the principal in excess of the bond amount. *Id.* at 427. Although *Great American Insurance* involved a performance bond, rather than an administrator's bond, we find that the general rule is equally applicable here. Old Republic's bond clearly indicates that the surety was "held ... in the sum of ... $60,000.00." The bond does not provide for attorney's fees in addition to this amount. As a result, the terms of the bond does not provide Cross with a basis for recovering attorney's fees incurred when Schillings failed to perform

his duties as administrator. As a result, Cross cannot recover his attorney's fees on the basis of the bond. Having decided that Old Republic cannot be held liable for more than the penal sum of its bond, we next examine whether a separate basis exists for Cross to recover attorney's fees.

■ Section 38.001 of the Texas Civil Practice and Remedies Code allows a party to recover reasonable attorney's fees for a valid claim on an oral or written contract. TEX. CIV. PRAC. & REM.CODE. ANN. § 38.001 (Vernon 1997). Section 38.005 further provides that this provision is to be liberally construed. *Id.* § 38.005. Even with liberal construction, however, we do not find that section 38.001 provides a basis for Cross to recover attorney's fees.

■ To recover attorney's fees under section 38.001, Cross's claim against Old Republic must constitute a claim on a written contract. Old Republic's bond is the only written contract that could serve as the basis for Cross's claim. Although Cross is not a party to that contract, he can recover on the contract "if the parties [to the contract] intended to secure some benefit to that third party, and only if the contracting parties entered into the contract for the third party's benefit." *See MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*, 995 S.W.2d 647, 651 (Tex.1999). "To qualify as one for whose benefit the contract was made, the third party must show that he is either a donee or creditor beneficiary of, and not one who is benefited [sic] only incidentally by the performance of, the contract." *MCI Telecommunications*, 995 S.W.2d at 651. A court, however, may not create a third-party beneficiary contract by implication. *See id.* at 651. "The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied." *Id.* (explaining that a presumption exists that parties contracted for themselves unless it "clearly appears" that

they intended a third party to benefit from the contract).

In the instant case, the bond does not clearly and fully spell out that the parties to the bond-Schillings, the surety, and the judge of the probate court-intended to confer a direct benefit upon Cross. Although requiring a bond certainly implies that the contract was intended to protect potential creditors of Annabelle Wright's estate in the event Schillings failed to "faithfully perform all the duties required of him" as administrator of the Annabelle Wright's estate, we are not permitted to imply that benefit here. *See id.* As a result, we find that section 38.001 does not provide a basis for Cross to recover attorney's fees from Old Republic. While the result here seems to encourage a surety to resist payment of a bond despite a proper claim, the ultimate remedy may lie in the discretion of the trial court in determining which sureties to approve. *See* TEX. PROBATE CODE ANN. § 194 (Vernon Supp.2000) (requiring trial court's approval of bond). We sustain Old Republic's first issue.

### Prejudgment Interest

The trial judge awarded Cross prejudgment interest at the rate of 10%. In its second and third issues, Old Republic contends that Cross was only entitled to interest at the rate of 6%. Specifically, Old Republic maintains that the trial court erred by awarding prejudgment interest under article 5069–1.05 of the Revised Civil Statutes because the trial court incorrectly determined that the surety bond was not an instrument "ascertaining the sum payable."

■ Previously, the Revised Civil Statutes of Texas governed the award of prejudgment interest in a case like this one where parties did not agree upon the interest rate that would apply in the event of a dispute. Article 5069–1.03 provided that "[w]hen no specified rate is agreed upon by the parties, interest at the rate of six percent annum shall be allowed on all accounts and contracts *ascertaining the sum*

*payable ....*" *See* Act of May 24, 1979, 66th Leg., R.S., ch.707, § 1, 1979 Tex. Gen. Laws 1718, 1718, *repealed by* Act of May 22, 1997, 75th Leg., R.S., ch. 1008, § 6(a), 1997 Tex. Gen. Laws 3091, 3602 (emphasis added). Article 5069–1.05, however, provided for an equitable interest rate of 10%. *See* Act of May 4, 1983, 68th Leg., R.S., ch.107, § 1, 1983 Tex. Gen. Laws 518, 518, *repealed by* Act of May 22, 1997, 75th Leg., R.S., ch. 1008, § 6(a), 1997 Tex. Gen. Laws 3091, 3602. An award of the lower rate depended upon whether the disputed contract is an instrument ascertaining the sum payable. An instrument is a "contract ... *'ascertaining the sum payable'* when it (1) 'provides the conditions upon which liability depends,' and (2) 'fixes a measure by which the sum payable can be ascertained with reasonable certainty, in the light of the attending circumstances.'" *Great American Ins. Co. v. North Austin Municipal Utility Dist.,* 950 S.W.2d 371, 372–73 (Tex.1997) (emphasis added) (citations omitted). To determine whether article 5069–1.03 applied in the instant case, we must consider the language of the contract-here, the surety bond.

■ The surety bond simply provides:

That we, DONALD SCHILLINGS as Principal, and NORTHWESTERN NATIONAL CASUALTY COMPANY, as Surety, are held and firmly bound unto the Judge of the aforesaid County, and his successors in office, in the sum of Sixty Thousand and $^{0}/_{00}$ ($60,000.00) Dollars conditioned that the above bounden Principal who has been appointed Administrator of the Estate of Annabelle Wright, Deceased shall well and truly, faithfully perform all duties required of him under said appointment.

Although the bond is conditioned upon Schillings's satisfactory performance as the administrator of Wright's estate, the instrument does not specify any measure of damages. As a result, the bond is not properly considered as a contract ascertaining a sum payable. Because the bond

is not a contract ascertaining a sum payable, article 5069–1.03 did not apply to the award of prejudgment interest. The trial judge properly relied upon article 5069–1.05. We overrule Old Republic's second and third issues.

### Conclusion

Having sustained Old Republic's first issue, we reverse and render that part of the trial court's judgment that awards Cross attorney's fees. We affirm the judgment in all other respects.