MEMORANDUM OPINION

No. 04-05-00579-CV

Zane MALTSBERGER,

Appellant

v.

Janice MALONEY and George LeGrand ,

Appellees

From the 407th Judicial District Court, Bexar County, Texas

Trial Court No. 2001-CI-11257

Honorable David Berchelmann, Jr. , Judge Presiding




Opinion by: Karen Angelini , Justice



Sitting: Catherine Stone , Justice

 Karen Angelini , Justice

 Rebecca Simmons , Justice



Delivered and Filed: December 20, 2006 



AFFIRMED IN PART; REVERSED AND REMANDED IN PART

 Zane Maltsberger appeals a no-evidence summary judgment granted in favor of Janice Maloney and George LeGrand. 
Zane presents six issues on appeal asserting that fact issues were raised by the evidence with regard to the liability of
Maloney and LeGrand as sureties on a bond and under various tort claims.



Background


 The underlying lawsuit arises from the settlement of a personal injury action arising from injuries sustained by Zane
Maltsberger when he was a minor. Zane's father, John Maltsberger, brought the suit as Zane's next friend. John retained
Maloney and LeGrand as the attorneys on the case. A "friendly suit" was brought after a $60,000.00 settlement was
reached, and Michael Jackson was appointed as Zane's guardian ad litem in connection with the trial court's approval of the
settlement. In a judgment dated February 28, 1989, the trial court approved the settlement, ordering that $33,042.48 be
recovered by John, and $26,957.72 be recovered by Zane. With regard to Zane's recovery, the judgment provided that it
would be paid into the registry of the court; however, the judgment further provided:

 It is further ORDERED, ADJUDGED and DECREED by the court that upon the execution of a bond as required by law,
that money paid into the registry of the Court for the benefit of the minor, Zane Maltsberger, shall be paid over to John
Maltsberger, next friend of minor Plaintiff herein, to be used for the benefit of said minor and that when the said minor shall
reach his majority, any such money not so used, with lawful interest thereon, will be delivered by said next friend to said
minor or to such other person or persons as may be appointed by the Court when ordered by the Court to do so.



 On April 28, 1989, a Bond for Withdrawal of Funds was filed with the trial court. Although Zane contends in his brief that
a motion was filed by Maloney and LeGrand seeking the release of the funds from the registry of the court, the record does
not contain any such motion. The bond states that John "is desirous of withdrawing the sum of $26,957.72 out of the
Registry of the Court." The bond further provides:

 NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS: That I, JOHN MALTSBERGER, as Principal, and
GEORGE LeGRAND and JANICE MALONEY as Sureties, acknowledge ourselves bound and liable to pay to the County
Judge of Bexar County, Texas, and his successors and offers the sum of $53,915.44 conditioned that the said JOHN
MALTSBERGER, will pay over said sum of $26,957.52 [sic] to said Minor-Plaintiff in accordance with the Judgment
rendered herein, with interest thereon as and when said Minor-Plaintiff becomes of age, or to such other person or persons
as may be appointed by the Court when ORDERED by the Court to do so, or will use and expend said sum for the benefit
of the Minor-Plaintiff herein to whom said sum for the benefit of the Minor-Plaintiff herein to whom such sum [sic] was
herein awarded. In such event, this obligation shall become null and void, otherwise, to remain in full force and effect.



 Zane subsequently sued John for breach of fiduciary duties in misapplying the funds released from the registry, and a
default judgment was entered against John on July 25, 2000, for $62,494.02 in monetary damages and $25,000.00 in
exemplary damages. On April 30, 2001, Zane filed suit against Maloney and LeGrand, alleging they were liable as sureties
on the bond and also were liable for various torts arising from their actions in representing Zane in the original settlement
and in seeking the release of the funds from the registry of the court. Maloney and LeGrand moved for a no-evidence
summary judgment challenging various elements of Zane's causes of action, and the trial court granted summary judgment
in favor of Maloney and LeGrand without specifying the grounds on which the judgment was granted.

Standard of Review


 "In reviewing a no-evidence summary judgment motion, we examine the record in the light most favorable to the
nonmovant; if the nonmovant presents more than a scintilla of evidence supporting the disputed issue, summary judgment is
improper." Forbes Inc. v. Granada Biosciences,Inc., 124 S.W.3d 167, 172 (Tex. 2003). "A no-evidence summary
judgment is improper if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of
material fact." Id. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere
surmise or suspicion of a fact. Id. More than a scintilla of evidence exists if it would allow reasonable and fair-minded
people to differ in their conclusions. Id.

Liability on Bond


 In their motion, Maloney and LeGrand challenged Zane's standing to sue on the bond. In his first three issues, Zane asserts
that he had standing, or, in the alternative, Zane contends that Maloney and LeGrand failed to present this issue before the
court through the proper procedure. (1) Maloney and LeGrand respond that Zane has no standing because the bond was
payable to the county judge and a bond must be strictly construed.

 The liability of a surety is determined by the language of the bond itself; however, a statute mandating a bond is made part
thereof and is controlling. Geters v. Eagle Ins. Co., 834 S.W.2d 49, 50 (Tex. 1992). Although a surety contract is strictly
construed, the surety contract must be construed to carry out the purpose for which it was executed, and the obligation
intended by the parties must be gathered from the instrument as a whole. Balboa Ins. Co. v. K & D & Assocs., 589 S.W.2d
752, 758 (Tex. Civ. App.--Dallas 1979, writ ref'd n.r.e.). Only after the court determines the obligation intended by the
parties from the entirety of the surety contract does the rule of strict construction apply to prevent extension of the
obligation by implication or presumption. Id.; see also Gramercy Ins. Co. v. Auction Finance Program, Inc., 52 S.W.3d
360, 364 (Tex. App.--Dallas 2001, pet. denied).

 A third party may enforce and recover on a bond, just as on any other contract made between other parties, only if the
contracting parties intend to secure a benefit to that third party, and only if the contracting parties entered into the contract
directly for the third party's benefit. Old Republic Surety Co. v. Cross, 27 S.W.3d 35, 37 (Tex. App.--San Antonio 2000,
pet. denied); see also Harrison, Walker & Harper, L.P. v. Federated Mut. Ins. Co., No. 2-03-048-CV, 2004 WL 726813, at
*2 (Tex. App.--Fort Worth Apr. 1, 2004, no pet.). A third party, however, does not have a right to enforce a contract if he
received only an incidental benefit. Harrison, Walker & Harper, L.P., 2004 WL 726813, at *2; Cross, 27 S.W.3d at 37. 
Because a court will not create a third-party beneficiary contract by implication, the contract must clearly and fully express
an intent to confer a direct benefit to the third party. Harrison, Walker & Harper, L.P., 2004 WL 726813, at *2; Cross, 27
S.W.3d at 37.

 In Harrison, Walker & Harper, L.P., the court held that the party seeking to recover against the surety was without standing
because the bond did not mention the party. 2004 WL 726813, at *2. Similarly, in Cross, this court concluded, "In the
instant case, the bond does not clearly and fully spell out that the parties to the bond - Schillings, the surety, and the judge of
the probate court - intended to confer a direct benefit upon Cross." 27 S.W.3d at 38. Unlike the bonds in those cases,
however, the bond in the instant case makes an express reference to Zane and provides that the obligations thereunder
become null and void only if the money released from the registry of the court was paid to Zane or was used and expended
for his benefit. Moreover, section 142.002 of the Texas Property Code, which governs the release of a minor's funds to a
next friend, requires that a bond be executed and that the bond be conditioned upon the return of the property or use of the
property for the benefit of the minor. (2) See Tex. Prop. Code Ann. §142.002 (Vernon Supp. 2006). Therefore, both the
language of the bond and the statute mandating the bond expressly provide that the purpose for the execution of the bond
was to ensure that the money was paid to Zane or used for his benefit. Accordingly, we hold that Zane had standing to
enforce the bond against Maloney and LeGrand as a third party beneficiary.

 Maloney and LeGrand did not otherwise challenge their liability as sureties in their no-evidence motion and do not contend
in their brief that the money was appropriately used by John. Even if the motion were construed to challenge this element of
their liability as sureties, the record contains sufficient summary judgment evidence to defeat a no-evidence motion on this
basis. Zane raised questions regarding John's use of the money in his deposition, Zane's grandmother raised questions
regarding John's use of the money in her affidavit, and the record contains a judgment against John arising from his use of
the money. Accordingly, the record raises a fact issue with regard to the liability of Malone and LeGrand as sureties on the
bond that will need to be resolved upon the remand of the cause to the trial court. 

Tort Claims


 Maloney and LeGrand moved for summary judgment against the various tort claims asserted by Zane on the basis that they
did not owe Zane a duty after the judgment was entered based on the settlement. Maloney and LeGrand also asserted that
Zane could not establish that they breached any duty owed to him. In his brief, Zane asserts that Maloney and LeGrand
were representing him when John was allowed to withdraw his money and that they should have "questioned John's
motivation and basis for taking the balance of the settlement funds."

 For purposes of this opinion, we will assume, without deciding, that Maloney and LeGrand had a duty after the judgment
was entered to see that the settlement proceeds apportioned to Zane were properly managed and protected for his benefit. 
See Byrd v. Woodruff, 891 S.W.2d 689, 706 (Tex. App.--Dallas 1994, writ dism'd by agmt.); see also Jocson v. Crabb, 133
S.W.3d 268, 271 (Tex. 2004) (noting guardian ad litem is not attorney for the child); Goodyear Dunlop Tires North
America, Ltd. v. Gamez, 151 S.W.3d 574, 583 (Tex. App.--San Antonio 2004, no pet.) (guardian ad litem must not
duplicate the work performed by the plaintiff's attorney). In this case, the trial court, pursuant to section 142.002,
authorized John, as Zane's next friend, to take possession of the money in the registry of the court upon the posting of a
bond. Tex. Prop. Code Ann. §142.002 (Vernon Supp. 2006). Because the money was released with the protection of a
bond, the record contains no objective evidence that the funds were not properly protected. Although Zane presented
evidence of the manner in which John subsequently spent the money, Zane presented no evidence that either Maloney or
LeGrand was in possession of any information that would cause them to question the release of the funds to John upon the
posting of the bond. Accordingly, the trial court did not err in granting the no evidence summary judgment in favor of
Maloney and LeGrand with regard to Zane's tort claims because Zane did not present any evidence that Maloney and
LeGrand breached any duty owed to him.







Conclusion


 The trial court's judgment with regard to Zane's claim against Maloney and LeGrand as sureties on the Bond for
Withdrawal of Funds is reversed, and that claim is remanded to the trial court for further proceedings. The remainder of the
trial court's judgment is affirmed.



 Karen Angelini , Justice





1. Although Zane's brief addresses an argument LeGrand made during his deposition that his signature as surety was not
supported by consideration, LeGrand did not raise this issue in his no evidence motion.

2. Section 142.002 provides:

 (a) In a suit in which a minor or incapacitated person who has no legal guardian is represented by a next friend or an
appointed guardian ad litem, the court in which a judgment is rendered may by an order entered of record authorize the next
friend, the guardian ad litem, or another person to take possession of money or other personal property recovered under the
judgment for the minor or other person represented.

 (b) The next friend, guardian ad litem, or other person may not take possession of the property until the person has
executed a bond as principal that:

 (1) is in an amount at least double the value of the property or, if a surety on the bond is a solvent surety company
authorized under the law of this state to execute the bond, is in an amount at least equal to the value of the property;

 (2) is payable to the county judge; and

 (3) is conditioned on the obligation of the next friend, guardian ad litem, or other person to use the property under the
direction of the court for the benefit of its owner and to return the property, with interest or other increase, to the person
entitled to receive the property when ordered by the court to do so.

Tex. Prop. Code Ann. § 142.002 (Vernon Supp. 2006).