# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00097-CV

**Colonial American Casualty and Surety Company, Appellant**

**v.**

**Nancy Scherer, Successor Administrator of the Estate of Kimberly Lynn Lambert, Deceased, Appellee**

## FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY, NO. 69,706-A, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## O P I N I O N

The question presented by this appeal is whether the surety on a bond securing the original administrator of an estate is liable for attorney's fees incurred by a successor administrator in a suit against the original administrator for neglect and mismanagement of the estate. Colonial Casualty and Surety Company as surety appeals from the award of attorney's fees by the probate court to appellee Nancy Scherer as the successor administrator of the estate of Kimberly Lynn Lambert. For the reasons that follow, we hold that attorney's fees are authorized but only to the extent of the penal amount of the bond. We reverse the trial court's judgment to the extent it awards attorney's fees against Colonial in excess of the penal amount of the bond, and we remand to the probate court for further proceedings.

## BACKGROUND

In 1998, Dr. Robert Martin Lambert qualified and was appointed to serve as administrator of the estate of Kimberly Lynn Lambert. At that time, Lambert, as principal, and Colonial, as surety, executed a bond pursuant to section 194 of the Texas Probate Code in the penalty amount of $30,000 payable to the probate court to secure Lambert's duties as administrator. *See* Tex. Prob. Code Ann. § 194 (West 2003). The terms of the bond provide:

> That we, <u>Robert Martin Lambert</u> as Principal, and Colonial American Casualty and Surety Company, as Surety, are held and firmly bound unto the Probate Judge of the County and his successors in office in the sum of <u>thirty thousand and 00/100 ($30,000.00)</u>, conditioned that the above bound Principal has been appointed by the said Judge as <u>administrator of the estate</u> shall well and truly perform all the duties required by law under said appointment.

The instrument was executed by Lambert as principal and a representative of Colonial as surety, and was "examined and approved" by the probate court.[1]

In 2001, in accordance with probate code sections 222(b)(2) and (3), the probate court removed Lambert as administrator and appointed Scherer, who qualified as successor administrator of the estate. *Id.* § 222(b)(2)-(3) (West 2003). Scherer filed suit in 2003 against Lambert for Lambert's failure to perform his duties as administrator and against Colonial on the bond. Specifically, Scherer alleged that Lambert breached numerous statutory and common law duties that he owed to the estate, including the following:

---

[1] The bond appears to be a form instrument with the underlined notations inserted. Its terms substantially track those of the form of the bond included in the probate code. *See* Tex. Prob. Code Ann. § 196 (West 2003).

Spending principal of the decedent's estate without prior court approval;

Failing to account properly for the assets of the decedent's estate, the receipts of the decedent's estate and for his disbursements of the decedent's funds;

Failing to deposit the proceeds of the sale of personal property belonging to the estate into the registry of the court pursuant to court order;

Transferring property of the estate without prior court authority;

Failing to collect claims belonging to the estate;

Causing the court to appoint an attorney ad litem to investigate his management of the estate and the fees and costs allowed to the attorney ad litem are fees and costs for which he is liable; and

Following his removal as administrator, closing the estate's bank account without court authority and failing to deliver the funds to the successor administrator.

As to Colonial, Scherer alleged:

As surety on the bond filed by Robert Martin Lambert, Colonial American Casualty and Surety Company bound itself in the amount of $30,000.00, conditioned upon the proper performance of Robert Martin Lambert of his duties as Administrator of the Decedent's Estate. In the event that Plaintiff is successful in establishing that the Decedent's estate has been damaged by the wrongful conduct of the former Administrator, all as alleged above, Plaintiff seeks payment of such damages from the bond issued by Colonial American Casualty and Surety Company.

In her petition, Scherer did not allege any wrongdoing by Colonial; the cause of action asserted was based upon the conduct of the principal Lambert and the undertaking of the surety pursuant to the bond. Scherer also sought generally recovery of court costs and attorney's fees.

After Lambert filed a handwritten answer but failed to appear for depositions or hearings, the probate court granted summary judgment in favor of Scherer. The judgment awarded

3

Scherer $46,815.33 in damages[2] against Lambert and $13,856.46 in attorney's fees recoverable from the defendants jointly and severally. Colonial appeals, challenging the award of attorney's fees generally and alternatively that the award improperly exceeded the face amount of the bond.

**ANALYSIS**

Colonial contends that the probate court erred by awarding attorney's fees because the bond did not allow for such an award, and alternatively that the court erred in awarding such fees in excess of the penalty amount of the bond. *See id.* § 194. Colonial urges that its bond was a statutory bond that obligated it for damages resulting from Lambert's failure to properly perform his duties as administrator, and that no basis exists for Scherer to recover attorney's fees. Scherer "concedes that the limited terms of the surety bond itself do not provide a basis for recovery of attorneys' fees from the principal" but asserts that she is entitled to reasonable attorney's fees "for a valid claim on an oral or written contract." *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 1997).

The availability of attorney's fees under a particular statute is a question of law we review *de novo*. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999); *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989). An award of attorney's fees is permissible if authorized by statute or by contract between the parties. *See, e.g.*, *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996); *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992); *First City Bank v. Guex*, 677 S.W.2d 25, 30 (Tex. 1984).

---

[2] The damages included $30,000, the face amount of the bond, recoverable from Colonial.

A fidelity or fiduciary bond is an instrument issued by a surety—either an individual or a corporation—that names an administrator or other fiduciary. Because these bonds are generally required for probate purposes, they are created pursuant to statutory provisions. *See* Tex. Prob. Code Ann. § 194; 31 AM. JUR. 2D *Executors and Administrators* § 319 (1989). The purpose of a personal representative's bond is to protect the estate and its beneficiaries and any person who has an interest in the estate from potential costs and damages arising from an administrator's mismanagement. *See, e.g.*, *Lawyers Sur. Corp. v. Larson*, 869 S.W.2d 649, 651 (Tex. App.—Austin 1994, writ denied) (op. on reh'g); *Trinity Universal Ins. Co. v. Drake*, 587 S.W.2d 458, 463 (Tex. Civ. App.—Dallas 1979), *aff'd in part, rev'd in part on other grounds*, 600 S.W.2d 768 (Tex. 1980).

A bond is a personal obligation on the part of the administrator and his sureties guaranteeing that the administrator will perform the duties required of him by law under his appointment. *See* Tex. Prob. Code Ann. § 196 (West 2003). A bond is a contract between the principal and the surety, and the specific language of the bond must be interpreted in order to determine the extent of the surety's liability. *New Amsterdam Cas. Co. v. Bettes*, 407 S.W.2d 307, 315 (Tex. Civ. App.—Dallas 1966, writ ref'd n.r.e.). Because the relationship between principal and surety is governed by contract, the language of the bond is strictly construed. *Id.* When the language of the bond is clear and unambiguous, neither the parties nor the court may vary it; the surety cannot be held liable contrary to or beyond the condition of the bond. *Id.* at 314; AMERICAN BAR ASSOCIATION, TORT & INSURANCE PRACTICE SECTION, THE LAW OF SURETYSHIP 21-1 (Edward G. Gallagher ed., 1993).

The liability of the surety depends on the contract and the existence of facts showing liability on the part of the administrator. As this Court has long held, "The undertaking of the surety is to make good any breach of official duty of its principal, not because of anything the surety may have done or failed to do, but because the surety has so bound itself by its undertaking." *Mills v. Baird*, 147 S.W.2d 312, 316 (Tex. Civ. App.—Austin 1941, writ ref'd). The liability of the fiduciary bond surety is controlled by the language of the bond and any related statutory provision.

Section 194 of the probate code expressly governs bonds required by personal representatives of estates. Tex. Prob. Code Ann. § 194. The statute specifically provides that the bond "shall bear the written approval" of the probate court. *Id*. The penalty of the bond[3] is fixed by the judge in an amount deemed sufficient to protect the estate and its creditors after the court hears evidence and determines the estimated value of the estate and its assets and debts. *Id*. § 194(1), (3)-(4). A representative may deposit cash in lieu of a bond or a bond may be reduced, as approved by the court, *id*. § 194(7)-(8), and a deposit in lieu of bond or to reduce the penal sum of the bond may be withdrawn or released only upon court order. *Id*. § 194(8)(c). Section 194 also specifies who may act as surety and prescribes qualifications of personal sureties. *Id*. § 194(10), (12).

The probate court was required to comply with section 194 when setting Lambert's bond, *see Tijerina v. Mackie*, No. 04-05-00213-CV, 2006 Tex. App. LEXIS 1389, at *14 (Tex. App.—San Antonio Feb. 22, 2006, no pet.), and we presume that it did as neither party asserts

---

[3] The penalty of the bond or the penal sum is "a sum agreed upon in a bond to be forfeited if the condition of the bond is not fulfilled." BLACK'S LAW DICTIONARY 1133 (6th ed. 1990). Thus, it is the face amount of the bond. *Pavecon, Inc. v. R-Com, Inc.*, 159 S.W.3d 219, 221 n.3 (Tex. App.—Fort Worth 2005, no pet.).

otherwise. As exemplified by the bond at issue, a bond is made payable to the county judge or probate judge of the county in which the probate proceedings are pending. Tex. Prob. Code Ann. § 194. Thus, Lambert as principal and Colonial as surety "are held and firmly bound unto the Probate Judge of the County and his successors in office."

Generally, fiduciary bonds state that the surety's obligation becomes null and void if the principal faithfully discharges all duties to the estate as required by law. As the terms of the bond in this case state, the bond is conditioned on the faithful performance by the principal of his duties as required by law. If the principal fails to perform its official duties, only then does the surety become liable. *See, e.g.*, *Trinity Universal Ins. Co.*, 587 S.W.2d at 462 (holding liability of surety cannot extend beyond liability of principal); *Southwest Sav. Ass'n v. Dunagan*, 392 S.W.2d 761, 766 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.) (holding that guarantor's obligation is secondary to principal's obligation).

Section 245 of the probate code authorizes an award of attorney's fees in actions against administrators who neglect the performance of their duties. *See* Tex. Prob. Code Ann. § 245 (West Supp. 2006). In her petition, Scherer did not state a statutory basis for the recovery of attorney's fees; however, her pleadings stated a cause of action for Lambert's neglect of the performance of his duties and for his removal. *See id.* Therefore, we construe Scherer's petition to allege a claim for attorney's fees under section 245. Colonial does not dispute that Scherer properly asserted a claim for neglect and mismanagement of the estate.

Section 245 of the probate code expressly addresses the award of attorney's fees when an administrator is removed for cause or otherwise neglects the performance of his duties:

When a personal representative neglects to perform a required duty or if a personal representative is removed for cause, the personal representative *and the sureties on the personal representative's bond* are liable for:

(1) costs of removal and other additional costs incurred that are not authorized expenditures, as defined by this code; and

(2) *reasonable attorney's fees incurred in removing the personal representative or in obtaining compliance regarding any statutory duty the personal representative has neglected.*

*Id.* (emphasis added).[4]  Texas courts have held that section 245 provides for the recovery of attorney's fees incurred due to the neglect of a representative in performing his statutory duties.  *See, e.g., Lee v. Lee*, 47 S.W.3d 767, 796-97 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Lawyers Sur. Corp.*, 869 S.W.2d at 653.  Because section 245 provides for attorney's fees to be awarded when an administrator neglects his duties and removal is required, we hold that the probate court's award of attorney's fees was proper.  *See Lawyers Sur. Corp.*, 869 S.W.2d at 653.  The question remains, however, whether it was proper for the probate court to award attorney's fees against Colonial in excess of the face amount of the bond.  For the reasons explained below, we hold that it was not.

It is the general rule that a surety is not liable for an amount greater than the penal sum of the bond.  *Bill Curphy Co. v. Elliott*, 207 F.2d 103, 106 (5th Cir. 1953); *Massachusetts Bonding & Ins. Co. v. United States*, 97 F.2d 879, 881 (9th Cir. 1938) ("It is fundamental in the law of suretyship that a bondsman cannot be held for any default of his principal in an amount

---

[4] Although the current statute was amended effective September 1, 2003, the language of the prior statute was substantially the same.  For convenience, we shall refer to the current statute.

8

greater than the penal sum of the bond."); *Great Am. Ins. Co. v. North Austin MUD No. 1*, 908 S.W.2d 415, 427 (Tex. 1995); *Chesley v. Reinhardt*, 300 S.W. 973, 974 (Tex. Civ. App.—El Paso 1927, no writ); *Locke v. Beal*, 257 S.W. 302, 302 (Tex. Civ. App.—Galveston 1923, no writ); *Grand Lodge A.O.U.W. v. Cleghorn*, 48 S.W. 750, 751 (Tex. Civ. App.—San Antonio 1898, no writ); 11 APPLEMAN, INSURANCE LAW AND PRACTICE § 6354 (1948) ("It is the general rule that recovery cannot be allowed against the surety in excess of the penalty, or the maximum amount, set forth in a bond.").

In *Bill Curphy Co. v. Elliott*, the fifth circuit court of appeals reasoned that if this were not the case, "it would be futile to state any amount of liability on the bond." 207 F.2d at 106. Concluding that the general rule is the well-established rule in "Texas and elsewhere," the court observed that "the sole object of stating the penalty in a bond is to fix the limit of the liability of the signers, and no recovery can be had on such bond against the principal or surety beyond the penalty named on the bond." *Id.*; *see also Ferguson v. Ferguson*, 69 S.W.2d 592, 595 (Tex. Civ. App.—Eastland 1934, no writ); *Chesley*, 300 S.W. at 974. Because the bond in *Bill Curphy* contained no provision under which the surety's liability could be enlarged, the court found that "under no circumstances could [the surety] be held in an amount greater than the penal sum of the bond." *Id*. at 106-07. The court's reasoning in *Bill Curphy* has been adopted by the Texas Supreme Court[5] and courts in other jurisdictions.[6]

---

[5] *Great Am. Ins. Co. v. North Austin MUD No. 1*, 908 S.W.2d 415, 427 (Tex. 1995).

[6] *See, e.g.*, *United States v. Seaboard Sur. Co.*, 817 F.2d 956, 963 (2d Cir. 1987) ("It is hornbook law that a surety is liable up to, and only up to, the limit on the bond it issued."); *Houston Fire & Cas. Ins. Co. v. E.E. Cloer Gen. Contractor, Inc.*, 217 F.2d 906, 912 (5th Cir. 1954) ("The surety's obligation is of course limited to the penal sum named in the bond."); *Pennsylvania Fire*

In *Chesley v. Reinhardt*, a provision in the bond allowed for the payment of attorney's fees. Notwithstanding the express terms of this provision, the court found that it "did not enlarge the measure of recovery beyond the penalty named. It merely imposed an obligation to pay such fee, provided it did not enlarge the recovery beyond the amount of such penalty." 300 S.W. at 974. In *Hartford Accident & Indemnity Co. v. Industrial Accident Commission*, the Supreme Court of California stated: "Even where the bond stipulates that damages shall include attorney's fees, under the rule that a surety on a bond is not liable beyond the penalty named therein, the surety is not liable for attorney's fees in excess of the penalty named." 13 P.2d 699, 703 (Cal. 1932); *see also Hartford Fire Ins. Co. v. Casey*, 191 S.W. 1072, 1076 (Mo. Ct. App. 1917) ("An attorney's fee is part of the loss sustained by an obligee when compelled to sue on a bond.").

That the obligation of a surety must find a basis in the bond itself and cannot be supplied by implication is likewise well established. *New Amsterdam Cas. Co.*, 407 S.W.2d at 314-15. In a discussion of performance and payment bonds, the Dallas court of appeals reasoned in *New Amsterdam Casualty Co.*:

> The liability of a surety is strictissimi juris; it cannot be extended by implication, construction, or presumption beyond the terms of his contract nor to persons who are not parties thereto. The surety may stand on the letter of his contract, his obligation does not extend beyond what is agreed to in the bond, and he is not liable for the

*Ins. Co. v. American Airlines, Inc.*, 180 F. Supp. 239, 241 (E.D.N.Y. 1960); *Public Serv. Elec. & Gas Co. v. Technology for Energy Corp. (In re Tech. for Energy Corp.)*, 123 B.R. 979, 983 (Bankr. E.D. Tenn. 1991); *Hartford Accident & Indem. Co. v. Industrial Accident Comm'n*, 13 P.2d 699, 703 (Cal. 1932); *Lawrence Tractor Co., Inc. v. Carlisle Ins. Co.*, 249 Cal. Rptr. 150, 152 (Cal. Ct. App. 1988); *see also* 74 AM. JUR. 2D *Suretyship* § 165 (1989); 11 APPLEMAN, INSURANCE LAW AND PRACTICE § 6354 (1948).

default of his principal to perform any duty or obligation not fairly within the undertaking.

*Id.* at 315; *see also Southwest Sav. Ass'n*, 392 S.W.2d at 766 (holding guaranty contract to be strictly construed and not expanded by implication).

In 1983, the legislature amended section 245 of the probate code to allow for the award of attorney's fees. Prior to this amendment, the statute allowed recovery for "costs" which courts had interpreted to exclude attorney's fees. *See, e.g.*, *Gordon v. Terrence*, 633 S.W.2d 649, 653 (Tex. App.—Houston [14th Dist.] 1982, no writ); *Dumitrov v. Hitt*, 601 S.W.2d 472, 473-75 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Trinity Universal Ins. Co.*, 587 S.W.2d at 462 (attorney's fees are not costs recoverable under former section 245). With the 1983 amendment, the legislature specifically sought to overrule previous decisions that denied recovery of attorney's fees made necessary because of an administrator's failure to meet statutory obligations. *Lawyers Sur. Corp.*, 869 S.W.2d at 652. Although the statute was amended to allow for the award of attorney's fees, there is no indication the legislature sought to override the general rule that a surety cannot be held liable beyond the express terms of its undertaking.

In *Lawyers Surety Corp.*, as here, the successor administrator brought suit against the surety for the original administrator for the costs and attorney's fees associated with removing the original administrator from office. *Id.* at 650. The surety claimed it was liable only for "fees that have been incurred by a person who both removed the administrator *and* attempted to obtain that administrator's compliance with neglected statutory duties." *Id.* at 651. Interpreting section 245 of the probate code, this Court rejected a construction that would require the successor administrator

11

to pursue both courses of action before becoming eligible to collect attorney's fees from the administrator and surety. *Id.* at 652. Although the Court awarded attorney's fees against the administrator and the surety for the prior administrator's failure to properly manage the estate, it determined that Larson was entitled to recover just under $12,000 on each of two $13,000 bonds. *Id.* at 650 (administrator posted two $13,000 bonds), 653 (court upheld award of attorney's fees of $11,968.74 to each estate). Thus, although the Court awarded attorney's fees, it did not award such fees in excess of the penalty amount of the bonds.

In considering the award of attorney's fees in excess of the penal sum of a performance bond by the surety, the Texas Supreme Court has relied on the general rule that "a surety's liability on an underlying contract is limited to the penal sum of the bond." *Great Am. Ins. Co.*, 908 S.W.2d at 427; *see also* THE LAW OF SURETYSHIP 21-1. In a case identical to this one, *Old Republic Surety Co. v. Cross*, 27 S.W.3d 35 (Tex. App.—San Antonio 2000, pet. denied), the court of appeals considered the recovery of attorney's fees in the context of an administrator's bond. Finding the surety liable for the administrator's failure to perform his duties, the trial court awarded attorney's fees in excess of the amount of the bond. *Id.* at 37. The court of appeals reversed, holding that the surety could not be liable beyond the penal amount of the bond. *Id.* Based on the supreme court's opinion in *Great American Insurance Co. v. North Austin MUD No. 1*, the San Antonio court reasoned that "the general rule is equally applicable here" and concluded that the bond did not provide the successor administrator with a basis for recovering attorney's fees beyond the face amount of the bond. *Id*. at 37.

Scherer has cited to no case, and we have found none, in which a court has awarded attorney's fees in excess of the face amount of the bond. *See In re Estate of Hawkins*, 187 S.W.3d 182, 186 (Tex. App.—Fort Worth 2006, no pet.) (affirming attorney's fee award of $8,307 against $10,000 bond); *Sierad v. Barnett*, 164 S.W.3d 471, 476 (Tex. App.—Dallas 2005, no pet.) (awarding damages and attorney's fees in excess of bond amount, but finding surety liable only to the extent of the bond); *Lawyers Sur. Corp.*, 869 S.W.2d at 650, 653 (awarding $11,968.74 in attorney's fees against each of two $13,000 bonds); *Hill Mercantile Co. v. Rotan Grocery Co.*, 127 S.W. 1080, 1082 (Tex. Civ. App.—Austin 1910, no writ) (contracts of suretyship to be strictly construed, and even when surety agreed to pay costs and attorney's fees, liability is limited to face amount of bond); *see also T&R Painting Constr., Inc. v. St. Paul Fire & Marine Ins. Co.*, 29 Cal. Rptr. 2d 199, 203 (Cal. Ct. App. 1994) (holding obligee can recover from surety attorney's fees that are provided for in obligee's contract so long as total recovery against surety does not exceed penal amount of bond); *Harris v. Northwestern Nat'l Ins. Co.*, 8 Cal. Rptr. 2d 234, 238 (Cal. Ct. App. 1992) (acknowledging the rule that surety cannot be required to pay attorney's fees in excess of the penal sum of the bond); *Lawrence Tractor Co., Inc. v. Carlisle Ins. Co.*, 249 Cal. Rptr. 150, 152 (Cal. Ct. App. 1988) (unless contract specifically obligates surety to pay attorney's fees in excess of penal sum of bond, recovery for attorney's fees from surety is limited to the amount of the bond).

In this case, there is no ambiguity in the language of the bond. There is nothing in the bond indicating that the liability to pay attorney's fees is to be in addition to the face amount of the bond as the total liability of the surety. We may not enlarge the set amount of the bond by reading into it an obligation not contemplated by the parties; otherwise there would be no purpose

13

in fixing a penal sum in the bond. *See Bill Curphy Co.*, 207 F.2d at 106. Based on probate code section 245, we conclude that the court may award attorney's fees to Scherer, but only up to the penal amount of the bond. *See Great Am. Ins. Co.*, 908 S.W.2d at 427; *Old Republic Sur. Co.*, 27 S.W.3d at 37.

Scherer acknowledges the general rule that a surety's liability for attorney's fees cannot exceed the penal sum of the bond, but argues that this rule may be varied by contract or statute. *Great Am. Ins. Co.*, 908 S.W.2d at 427; *see also Seattle-First Nat'l Bank v. Aetna Life & Cas. Co.*, 642 P.2d 1259, 1260-61 (Wash. App. Ct. 1982) (stating general rule that surety's liability for attorney's fees cannot exceed the penal sum of the bond, but acknowledging that rule may be varied by contract or statute). Because the terms of the bond do not vary the general rule, we turn to Scherer's argument that the general rule is varied by statute.

Scherer contends that section 38.001 of the Texas Civil Practice and Remedies Code allows a party to recover attorney's fees for a valid claim on an oral or written contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001. Scherer urges on appeal that because Colonial failed to provide payment at the time of Lambert's breach, a separate basis for the recovery of attorney's fees was created by section 38.001. Because Scherer did not allege a separate breach by Colonial independent of Lambert's failure to perform, we consider only the question of whether section 38.001 provides an independent basis for recovery of attorney's fees by an administrator against a surety of a principal found to be liable.

Scherer argues that because the surety bond is a contract, this is a suit on a contract, and, therefore, section 38.001 permits the recovery of attorney's fees. *See id.* To recover attorney's

14

fees under section 38.001, Scherer's claim against Colonial must constitute a claim on a written contract. *Id.* Colonial's bond is the only written contract that could serve as the basis for Scherer's claim. *See Old Republic Sur. Co.*, 27 S.W.3d at 37. Although Texas courts have construed surety bonds as contracts, *see Great Am. Ins. Co.*, 908 S.W.2d at 427, Scherer was not a party to the bond between Lambert, Colonial and the probate court. There is no contract between Scherer and Colonial, nor is there a contract between Scherer and Lambert. We recognize that Scherer's suit is predicated on the bond, but Colonial's liability as surety is dependent upon the primary liability of Lambert, its principal. While Lambert may be liable for attorney's fees as provided in section 245, he cannot be liable for attorney's fees under section 38.001 because there is no contract between Scherer and Lambert upon which attorney's fees may be predicated. Consequently, it follows that if Lambert is not liable for attorney's fees under 38.001, neither is Colonial liable because its liability as surety cannot extend beyond the liability of its principal, Lambert. *See Trinity Universal Ins. Co.*, 587 S.W.2d at 462.

Finding that section 38.001 did not provide a basis for recovery of attorney's fees, in *Old Republic Surety Co.*, the San Antonio court of appeals declined to imply that the successor administrator was a third-party beneficiary for the purposes of allowing attorney's fees under section 38.001. 27 S.W.3d at 38. Likewise, the specific terms of the bond in this case do not confer a direct benefit upon Scherer as successor administrator so as to allow her to seek attorney's fees under section 38.001. A successor administrator, however, may bring suit on the bond of the predecessor in his own name and capacity for all the estate that came into the hands of the predecessor and has not been accounted for by him. Tex. Prob. Code Ann. § 225 (West 2003).

15

In any event, because Scherer did not request attorney's fees under section 38.001 in her pleadings and did not assert a claim on a written contract, she has also waived any claim for attorney's fees under this statute. *Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth*, 150 S.W.3d 617, 628 (Tex. App.—Austin 2004, no pet.); *Dickey v. McComb Dev. Co., Inc.*, 115 S.W.3d 42, 47 (Tex. App.—San Antonio 2003, no pet.).

## CONCLUSION

Having concluded that section 245 of the probate code does not authorize the recovery of attorney's fees in excess of the penal amount of the bond and that Scherer is not entitled to seek recovery of attorney's fees under section 38.001 of the civil practice and remedies code, we sustain Colonial's issue on appeal. We conclude that Colonial is liable for attorney's fees as an element of damages but only to the extent of the face value of the bond. Accordingly, we reverse the trial court's judgment awarding attorney's fees in excess of the penal amount of the bond, and we remand for entry of judgment against Colonial for $30,000, the face amount of the bond.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Reversed and Remanded

Filed: January 19, 2007

16